GURDEV SINGH
A42-967-796
ICE El Centro Detention Center
1115 N. Imperial Ave
El Centro, CA 92243

FILED
2008 MAR 12 PM 3: 21
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURDEV SINGH,<br>[A42-967-796]<br>     Petitioner,<br><br>v.<br><br>MICHAEL CHERTOFF, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, MICHAEL MUKASEY, ATTORNEY GENERAL, ROBIN BAKER, DIRECTOR OF SAN DIEGO FIELD OFFICE, BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, ROBERT RILLAMAS, OFFICER-IN-CHARGE,<br><br>     Respondents. | Civil Action No.<br><br>'08 CV 0464 BTM JMA<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S MOTION |

I.

**STATEMENT OF FACTS**

The Petitioner has been ordered removed from the United States by the respondents. However, his order of removal is subject to substantive, ongoing challenge on appeal. Consequently, Petitioner has endured prolonged detention lasting over 16 months while he awaits the outcome of his case. He is therefore seeking an order for his release from respondents' custody, authorized by recent Ninth Circuit case law.

The Petitioner is a native and citizen of India. He was born in Kapūrthala, Punjab on November 28, 1956. He is a member of the Sikh minority. He immigrated to the United States on June 26, 1991, along with

his wife, Sukvinder, and their two children. Petitioner was admitted as a lawful permanent resident under the sponsorship of his sister, who is a U.S. citizen. He and his family have lived and worked in Yuba City, California for the 17 years since coming to the country.

In 2002, Petitioner was convicted of a violation of Cal. Pen. Code § 273.5(a) (willful infliction of corporal injury) and was sentenced to nine months in the county jail, followed by five years of probation. Petitioner was placed in removal proceedings, and an immigration judge ordered him removed to India on January 24, 2007. Petitioner conceded his deportability, but applied for cancellation of removal. The IJ denied cancellation on the basis that Petitioner had been convicted of a crime of domestic violence. See 8 U.S.C. § 1229b(b)(1)(C).

Petitioner appealed the IJ's denial of cancellation to the Board of Immigration Appeals. His appeal was denied on March 30, 2007. Petitioner filed a petition for review in the Ninth Circuit on April 25, 2007 in Case No. 07-71577. Petitioner argues that the IJ erred in denying cancellation of removal, because the underlying criminal conviction did not qualify as an aggravated felony nor as a crime of domestic violence under Taylor v. United States, 495 U.S. 575 (1990). The petition for review is still pending and Petitioner's opening brief is yet to be filed.

The Court of Appeals issued a temporary stay of the removal under General Order 6.4(c)(1)(3). That stay was continued pending the outcome of the appeal on August 3, 2007, when the Court construed the Government's failure to file a timely response to the stay motion as non-opposition to the stay.

Meanwhile, respondents continue to hold Petitioner in custody, and his substantive due process right to liberty is improperly denied. Since Petitioner's appeal raises substantive arguments challenging his order of deportation which could result in complete relief from removal, continued indefinite detention while the review process takes its course is not warranted under the recent decisions in Tijani v. Willis, 430 F.3d 1241 (9th Cir. 2005), and Nadarajah v. Gonzales, 443 F.3d 1069 (9th Cir. 2006), which held due process requires

that civil detainees in Petitioner's situation are entitled to release from immigration custody during the pendency of their appeals. Accordingly, Petitioner has a meritorious claim for relief under § 2241 for release from detention by respondents.

Currently, Petitioner has a balance of **$370.00** in his custody trust account with $20 average monthly deposits. See Prison Certificate, Form CIV-67, attached to Motion to Proceed *In Forma Pauperis*. Since he is in custody, he does not have a source of income or employment. As a result, he cannot afford to retain counsel.

Additionally, Petitioner has not had any formal education in the United States, and he has had no legal training. See Declaration of James Fife in Support of the Petitioner's Motion, ¶¶ 15-16. Accordingly, Petitioner requests that this Court appoint the Federal Defenders of San Diego, Inc., to represent him in the instant habeas action. That office stands ready and able to assist the Petitioner in this Petition. See id. ¶¶ 3-6.

## II.

## ARGUMENT

### THIS COURT SHOULD APPOINT COUNSEL FOR THE PETITIONER.

Habeas corpus proceedings "are of 'fundamental importance . . . in our constitutional scheme because they directly protect our most valued rights.'" Brown v. Vasquez, 952 F.2d 1164, 1169 (9th Cir. 1991) (quoting Bounds v. Smith, 430 U.S. 817, 827 (1977)) (citations and internal quotations omitted). Consequently, federal law permits a district court to appoint counsel in a habeas proceeding under 28 U.S.C. § 2241 when the "interests of justice so require," if a Petitioner has shown that he is unable to afford an attorney. 18 U.S.C. §3006A(a)(2)(B). To make this decision, this Court must "evaluate [1] the likelihood of success on the merits as well as [2] the ability of the Petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983); accord Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).

As is indicated below, the Petitioner is highly likely to succeed on the merits of his claim, but will be unable to effectively articulate his claims through a pro se action, in light of his truncated educational history and lack of legal training. See Declaration of James Fife, ¶¶ 15-16. The Petitioner cannot otherwise afford to retain counsel for the litigation of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. Thus, the appointment of counsel is appropriate.

A.   **The Petitioner is Highly Likely to Succeed on the Merits of his Claim.**

The Ninth Circuit's decisions in Tijani and Nadarajah extend the Supreme Court's due process restrictions on indefinite detention laid down in Zadvydas v. Davis, 533 U.S. 678, 689 (2001), and apply them to detainees subjected to prolonged detention and whose orders of removal are on review. These cases hold that it is "constitutionally doubtful" that the detention statutes permit lengthy periods of custody pending outcome of legal challenges. Under the authority of Tijani and Nadarajah, Petitioner is entitled to release on order of supervision pending resolution of his appeals.

In Tijani, the Court of Appeals reviewed a § 2241 habeas petition by a deportee who had been held in custody for 32 months awaiting the outcome of his appeals. Tijani held it was "constitutionally doubtful that Congress may authorize imprisonment of this duration for lawfully admitted resident aliens who are subject to removal." 430 F.3d at 1242. Distinguishing Demore v. Kim, 538 U.S. 510 (2003), because Tijani did not concede he was deportable, the Court ordered his release, unless he was provided with a bail hearing and found unsuitable for release under the usual factors of risk of flight or danger to the community. See id.; see Kim, 538 U.S. at 522-23. Moreover, Kim was grounded on the Supreme Court's assumption that the period of detention would be "brief," only that "necessary for his removal proceedings," which the Supreme Court estimated as roughly six weeks in duration on average, or five months if further review is sought. See id.; see Kim, 538 U.S. at 522-23, 530. As Tijani's detention while awaiting outcome of his appeals far exceeded these estimates of the constitutionally permitted "brief period" of detention, he was entitled to

4

1  release proceedings under the Zadvydas principles. See id. Thus, Tijani was entitled to release on habeas
2  corpus unless the government proved at a hearing before an immigration judge that the Petitioner was a flight
3  risk or danger to the community. See id.
4
5       In Nadarajah, the Ninth Circuit considered an indefinite detainee held under suspicion of terrorist
6  affiliation. Nadarajah challenged his detention and was pursuing a claim for asylum, but the government
7  relied on the silence of the asylum detention statute to detain Nadarajah while this litigation proceeded. See
8  443 F.3d at 1076-78. However, the Court held that the asylum detention statute was equally subject to the
9  strictures of Zadvydas. See id. at 1082. Moreover, the Court held the principles of Fed. R. App. Proc. 23(b),
10 allowing release on bail pending appeal, apply to such immigration detentions. Id. at 1083. The usual
11
12 standards operate in such cases: (1) probability of success on merits and irreparable harm; or (2) serious legal
13 question and a balance of the hardships. Id. Moreover, the showing of probable success correspondingly
14 lessens as the length of detention increases. Id. at 1083-84. In Nadarajah, the Court found the 52 months of
15
16 detention were a great hardship that accordingly reduced the required showing of likelihood of success. Id.
17       Petitioner's case is factually similar to Tijani and Nadarajah, and therefore he too is entitled to
18 consideration for release. Petitioner argues in his petition for review in the Ninth Circuit that the IJ erred in
19 refusing cancellation of removal, because his conviction under Cal. Pen. Code § 273.5(a) does not
20
21 categorically qualify as a crime of domestic violence in the meaning of the statute, nor is there sufficient
22 judicial noticeable documentation in the record to satisfy the Taylor modified categorical analysis. Because
23 a violation of this statute encompasses simple battery in circumstances not amounting to domestic
24 relationships, the statute is overbroad. Petitioner, in particular, pled to simple battery, and so the conviction
25
26 is overbroad even on the specific facts of his case.
27       Moreover, Petitioner will argue that he was not informed of the immigration consequences of his
28 plea, and therefore his conviction is invalid under California law. See Cal. Penal Code § 1016.5 (imposing

statutory duty upon judiciary to warn aliens about immigration consequences of guilty plea); People v. Gontiz, 68 Cal. Rptr.2d 786 (Ct. App. 1997) (court must inform defendant of all immigration consequences as required by statute); People v. Soriano, 240 Cal. Rptr. 328 (Ct. App. 1987) (allowing defendant to withdraw guilty plea for failure to advise of immigration consequences).

Either of these claims would count as a "substantial question" under the Tashima analysis in Tijani; together, they show Petitioner has a reasonable basis for his legal challenges. As Judge Tashima observed, the detainee need not show certainty of outcome to gain release, just that "a closer look is surely required." Tijani, 430 F.3d at 1248 (Tashima, J., concurring).

Also, as in Nadarajah, Petitioner here can demonstrate a basis for release under the factors in Fed. R. App. P. 23(b). He raises substantive and complex legal questions. His continued loss of personal liberty in itself constitutes irreparable harm. As for the balance of hardships, whereas the Court in Nadarajah found the detention was a very burdensome hardship which correspondingly lessened the required showing of likely success on appeal, Petitioner here has been in Respondents' custody for over 16 months, but he is a excellent candidate for release under the regulations governing supervision. See 8 C.F.R. § 241.4(e) & (f). Therefore, there is no prejudice to any legitimate interest of Respondents arising from Petitioner's being admitted to the normal supervision on conditions applying to thousands of other ICE detainees awaiting deportation.

Balancing the factors identified in case law for release of detainees while legal challenges are pending, Petitioner is entitled to release at least as much as the Petitioners in Tijani and Nadarajah. He is therefore likely to succeed on the merits of his claims, which supports appointment of counsel.

B. **The Petitioner Cannot Adequately Articulate His Claims in the Absence of Counsel, in Light of the Complexity of the Legal Issues Involved in His Petition for Habeas Relief.**

To weigh the Petitioner's ability to articulate his claims in the absence of counsel, a court must measure "the [Petitioner]'s ability to articulate his claims against the relative complexity of the matter."

Rand, 113 F.3d at 1525. In addition, counsel may be appointed during federal habeas proceedings if the appointment of an attorney is "necessary for the effective utilization of discovery procedures,...[or] if an evidentiary hearing is required." Weygandt, 718 F.2d at 954 (other internal citations omitted).[2]

As is indicated above, the instant case involves complex legal issues grounded in constitutional law, statutory interpretation, principles of jurisdiction, and administrative procedure. The relief established by Tijani and Nadarajah stem from substantive due process principles articulated in Zadvydas and subsequent Supreme Court cases. Although the trend in these cases is clear, the Ninth Circuit's application of Zadvydas and progeny to the case of detainees with substantive appeals is a recent development in this Circuit's case law. Precise articulation of the issues involved and the proper contours of relief in individual cases requires a thorough understanding of the cases and the historical development of this area of law. In short, it requires the knowledge and advocacy skills of a legal professional for proper presentation to this Court.

Since the Petitioner is in the custody of federal immigration officials, moreover, an analysis of immigration law is required. The Ninth Circuit has declared that "'[w]ith only a small degree of hyperbole, the immigration laws have been deemed second only to the Internal Revenue Code in complexity.'" United States v. Ahumada-Aguilar, 295 F.3d 943, 950 (9th Cir. 2002) (citations and internal quotations omitted). In most cases involving immigration law, "[a] lawyer is often the only person who could thread the labyrinth.'" Id. The absence of counsel during immigration proceedings will be prejudicial when an attorney could have assisted a litigant in seeking relief under applicable immigration laws, statutes, and cases. Id. at 951-52 (prohibiting the use of a deportation order during a subsequent prosecution for illegal re-entry because the absence of counsel affected the alien's ability to ascertain his eligibility for a waiver of deportation, the

---

[2] The Federal Defenders of San Diego, Inc. drafted the instant pleading, as well as the petition for a writ of habeas corpus. Thus, this Court cannot conclude, based upon these pleadings, that the Petitioner has a firm grasp of the legal and factual issues involved in federal habeas proceedings.

1  viability of a claim of United States citizenship, and his ability to obtain "special permission" to return to the
2  United States after his deportation).

3  Although Petitioner has completed some higher education in the United States, he has no background
4  or familiarity with the legal system that would allow him to prosecute a petition for writ of habeas corpus
5  dealing with the highly complex area of immigration law. Moreover, the particular claims raised by Petitioner
6  under Tijani and Nadarajah relate to an emerging and actively evolving area of law at the intersection of two
7  complex bodies of jurisprudence: administrative immigration law and the substantive law and procedure of
8  habeas corpus. These are areas into which even experienced counsel may hesitate to tread, let alone an
9  unaided layman.

10  The need for professional advocacy in ordinary Zadvydas cases has been repeatedly and consistently
11  recognized by this Court in the past. See Fife Declaration and attached appendices. These orders show that
12  it is the regular response of this Court to appoint counsel precisely for those in Petitioner's circumstances.
13  The only difference between this and the other cases is that the legal issues here are significantly more
14  complex. Intricate as regular Zadvydas cases can be, the present petition hinges on the scope and
15  interpretation of recent and emerging Ninth Circuit case law. Petitioner's claims under Tijani and Nadarajah
16  are based on very recent precedents, which to date have no subsequent, binding analysis or explication. Such
17  discussion is currently evolving. The issues involved in this case are not well-settled principles which a
18  layman can fully grasp and adequately present. This case engages the intertwined jurisprudence of
19  immigration law and habeas corpus, two highly complex and unique fields of law. Moreover,
20  Tijani/Nadarajah petitions have been vigorously contested in a number of district court decisions. See
21  Appendix to Petition. A layman cannot be expected to digest the arguments and rulings in these various
22  decisions and effectively relate them to the arguments likely to be raised by respondents. This is currently
23  a very contentious area of law, one requiring the skills of trained counsel, not only to preserve Petitioner's

1  right to due process, but also to ensure that the issues are fully and adequately aired, permitting this Court to
2  make a correct legal decision on the claims. Proper consideration of a complex area of emerging law justifies
3  the appointment of counsel to represent Petitioner in this case.
4
5     The Petitioner's lack of expertise in legal issues warrants the appointment of counsel. The Petitioner
6  arrived in the United States when he was 35 years old. He has not attended any education institution, and has
7  worked steadily, but in unskilled positions such as cashier, farm worker, and general laborer. See Declaration
8  of James Fife, ¶¶ 15-16. The absence of any formal legal background or training poses an obstacle to the
9  Petitioner's understanding of the issues involved in the instant proceedings, and warrants the appointment of
10 counsel to help him obtain the relief requested in his habeas petition. See id. ¶ 16.
11
12    Additionally, the appointment of counsel may be appropriate during federal habeas proceedings if
13 it is "necessary for the effective utilization of discovery procedures, . . . [or] if an evidentiary hearing is
14 required." Weygandt, 718 F.2d at 954. The respondents have information and documents relevant to the
15 Petitioner's habeas petition, including information relating to his criminal history, his bail or parole history,
16
17 his institutional history, the content of communications between federal immigration officials and the embassy
18 of the Petitioner's native country, and other documents relating to his detention by respondents.
19
20    The Petitioner cannot effectively pursue and obtain discovery from respondents that he will need to
21 adequately present his claims and suitability for relief without the assistance of counsel, in light of his limited
22 education and lack of familiarity with the legal procedures involved in requesting and obtaining discovery.
23 Moreover, the Petitioner cannot adequately review and evaluate his alien registration file (hereinafter "A-file")
24 or evaluate relevant discovery regarding the likelihood of his removal from the United States without the aid
25 of counsel. The need for discovery, too, suggests the need for the appointment in the instant matter.
26
27 C.    **The Potential Need for an Evidentiary Hearing Warrants the Appointment of Counsel.**
28    Both parties may be required to present argument and evidence regarding suitability for release, and

9

the appropriateness of specific conditions of release may be disputed. A presentation of evidence before this Court, or subsequently to an immigration judge, may be needed should the Court grant the petition conditioned on additional showings. Therefore, assistance of counsel may be necessary to litigate disputed issues of fact. See <u>Lawson v. Borg</u>, 60 F.3d 608, 611 (9th Cir. 1995) (requiring an evidentiary hearing to litigate contested issues of fact during federal habeas proceedings); <u>see also</u> <u>Weygandt</u>, 718 F.2d at 954 (noting that the appointment of counsel may be appropriate during federal habeas proceedings "if an evidentiary hearing is required"). The Petitioner lacks a sufficient legal background to advocate for himself during a contested release hearing. <u>See</u> Declaration of James Fife, ¶¶ 15-16. The appointment of counsel is necessary to ensure that the Petitioner's rights are adequately protected in contested habeas proceedings.

**D.    The Prison Litigation Reform Act, 28 U.S.C. § 1915, Does Not Require the Petitioner to Pay Filing Fees to Proceed with His Request for Federal Habeas Relief.**

The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, ordinarily requires a prisoner who "brings a civil action or files an appeal <u>in forma pauperis</u>" to "pay the full amount of a filing fee" and to cover subsequent court fees incurred during the litigation of the inmate's claim. 28 U.S.C. § 1915(b). In <u>Naddi v. Hill</u>, however, the Ninth Circuit concluded that "[a] review of the language and intent of the PLRA reveals that Congress was focused on prisoner civil rights and conditions cases, and did not intend to include habeas proceedings in the scope of the Act." 106 F.3d 275, 277 (9th Cir. 1997). Consequently, the Ninth Circuit declined to apply the *in forma pauperis* provisions of the PLRA to habeas Petitioners, and to thereby require habeas Petitioners to pay full filing fees and court costs.

The Petitioner in the instant case is filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241, along with the instant motion. Since the Petitioner is not filing another civil action for relief from the conditions of confinement, such as a civil suit under 42 U.S.C. § 1983, he is not required to pay the full amount and filing fees and court costs to pursue habeas relief. Therefore, this Court cannot dismiss his petition for relief, or otherwise penalize the Petitioner, for his failure to pay the full amount of filing fees

specified in 28 U.S.C. § 1915.

## CONCLUSION

For the foregoing reasons, the Petitioner respectfully requests that this Court grant the motion for appointment of counsel in this habeas corpus action.

Respectfully submitted,

Dated: 3/12/08

*Gurdev Singh*
**GURDEV SINGH**
Petitioner