**ORIGINAL**

1 | GURDEV SINGH
A42-967-796
2 | ICE El Centro Detention Center
1115 N. Imperial Ave.
3 | El Centro, CA 92243

FILED

2008 MAR 12 PM 3: 20

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ RM _____ DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

8 | GURDEV SINGH,
[A42-967-796]
9 |
Petitioner,
10 |
v.
11 | MICHAEL CHERTOFF, SECRETARY
OF THE DEPARTMENT OF
12 | HOMELAND SECURITY, MICHAEL
MUKASEY, ATTORNEY GENERAL,
13 | ROBIN BAKER, DIRECTOR OF SAN
DIEGO FIELD OFFICE, U.S.
14 | IMMIGRATION AND CUSTOMS
ENFORCEMENT, ROBERT RILLAMAS,
15 | OFFICER-IN-CHARGE,
16 |
Respondents.

Civil Action No.

**'08 CV 0464 BTM JMA**

DECLARATION OF JAMES FIFE IN
SUPPORT OF THE
PETITIONER'S MOTIONS

I, James Fife, declare:

1. I am an attorney duly licensed to practice law in the State of California, in the United States District Court for the Southern District of California, and in the United States Court of Appeals for the Ninth Circuit.

2. I am an employee of Federal Defenders of San Diego, Inc. Federal Defenders is ready and able to assist this petitioner in his petition for writ of habeas corpus.

3. In my capacity as an employee of Federal Defenders, I am assisting the petitioner, Gurdev Singh, in securing his release from the custody of federal immigration officials, and in filing a petition for a writ of habeas corpus in the United States District Court for the Southern District of California.

///

///

1         4. As an employee of Federal Defenders, I monitor indefinite detainee litigation in other Ninth

2    Circuit districts, and maintain contact with other federal defender offices and other organizations interested

3    in immigrant rights involved with such litigation.

4         5. Federal Defenders of San Diego, Inc. currently assists, represents, or is preparing to initiate

5    habeas proceedings on behalf of individuals in the Southern District of California who are non-removable

6    aliens and continue to be detained by the Department of Homeland Security despite the expiration of the 180-

7    day post-order removal period set forth under <u>Zadvydas v. Davis</u>, 533 U.S. 678, 701 (2001).  In addition,

8    Federal Defenders also represents indefinite detainees seeking release from custody pending resolution of their

9    legal challenges to removal.

10         6. As of the filing of this declaration, our office represents several other detainees that have

11    been ordered deported but remain in the detention of the respondents in violation of <u>Zadvydas</u> or seek release

12    pending their appeals under <u>Tijani v. Willis</u>, 430 F.3d 1241 (9th Cir. 2005), and <u>Nadarajah v. Gonzales</u>, 443

13    F.3d 1069 (9th Cir. 2006).  By way of example, our office represents Luis Felipe Casas-Castrillon, who has

14    been in immigration custody since August 2001, awaiting removal to Colombia and is seeking release pending

15    the outcome of his legal challenges.

16         7. In light of the respondents' continued indefinite detention of deportable aliens in violation

17    of the principles of <u>Zadvydas</u>, <u>Tijani</u>, and <u>Nadarajah</u>, the United States District Court for the Southern District

18    of California has consistently appointed Federal Defenders of San Diego, Inc. to assist petitioners in their

19    efforts to challenge their continued detention in immigration custody in violation of federal law.  <u>See</u> Order

20    Granting Motion for Appointment of Counsel, <u>Casas-Castrillon v. Dept. of Homeland Security</u>, Case No.

21    05CV1552-BEN (NLS) (S.D. Cal. Jan. 31, 2006) (attached hereto as Appendix A); <u>see also</u> <u>Mustafa v.</u>

22    <u>Chertoff et al.</u>, Case No. 07CV0480-WQH (POR) (S.D. Cal. May 1, 2007) (attached hereto as Appendix B);

23    Order, <u>Macalma v. Chertoff</u>, Case No. 06CV2623-WQH (AJB) (S.D. Cal. May 22, 2007) (attached hereto

24    as Appendix C).

25         8. Mr. Singh is one of several deportable aliens currently in respondents' custody in the

26    Southern District of California whom Federal Defenders of San Diego, Inc. is assisting in challenging the

27    lawfulness of detention under <u>Zadvydas</u> or <u>Tijani/Nadarajah</u>.

28

9. I have spoken and corresponded with Mr. Singh in an effort to assist him in securing his release from custody of the respondents. After conferring with Mr. Singh, I concluded that a petition for a writ of habeas corpus should be filed on his behalf, pursuant to 28 U.S.C. § 2241.

10. Based on my discussions with Mr. Singh, I am informed and believe that a federal immigration judge ordered him removed to India in January 2007. He appealed his case to the Board of Immigration Appeals and to the Ninth Circuit Court of Appeals. His petition for review is now pending before the Ninth Circuit in Case No. 07-71577. Briefing in that case has just begun, and the opening brief is due later this month. Consequently, a final decision on his petition for review is quite a ways off, and administrative proceedings on remand and subsequent judicial review may follow the judicial outcome.

11. I am informed and believe that Mr. Singh entered Respondents' custody on October 24, 2006. He has, therefore, been in continuous civil custody over 16 months, as of the date of this declaration.

12. Mr. Singh is currently detained by the respondents at ICE's facility at the ICE El Centro Detention Center, in the Southern District of California.

13. I am informed and believe Mr. Singh is a national and citizen of India. He was born in Kapūrtha, in Punjab state on November 28, 1956.

14. I am informed and believe Mr. Singh came to the United States as an immigrant sponsored by his U.S. citizen sister in 1991, along with his wife, son and daughter. He was immediately granted lawful permanent resident status. The family has lived in northern California since 1991.

15. I am informed and believe Mr. Singh has not obtained any formal education in the United States.

16. I am informed and believe Mr. Singh has no formal legal education, training, or background. He has worked continuously since his arrival in the country in unskilled positions, as a laborer, nurseryman, farm worker, and cashier.

/ / /

/ / /

/ / /

/ / /

/ / /

17. I am informed and believe that Mr. Singh has limited financial resources and is unable to hire an attorney to represent him in this matter. He currently has a balance of $370 in his custody trust account. See Prison Certificate attached to accompanying Motion to Proceed *In Forma Pauperis*. As he has been in continuous state and federal custody since 2006, his income with which he could pay for legal representation is extremely limited.

I declare under penalty of perjury that the foregoing is true and correct, except for those matters which are stated to be on information and belief, and as to those matters, I believe them to be true.

Executed on this 12th day of March 2008, in San Diego, California.

**JAMES FIFE**
Declarant

# Appendix A

```
            F I L E D
         06 JAN 31  PM 1:40
       CLERK U.S. DISTRICT COURT
       SOUTHERN DISTRICT OF CALIFORNIA

   BY:                        DEPUTY
```

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS FELIPE CASAS CASTRILLON, | CASE NO. 05CV1552-BEN (NLS) |
| Petitioner, | **ORDER APPOINTING COUNSEL** |
| vs. | **(Docket No. 2)** |
| DEPARTMENT OF HOMELAND SECURITY, et al., | |
| Respondents. | |

Petitioner, LUIS FELIPE CASAS CASTRILLON ("Petitioner"), a citizen of Colombia, has filed a petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2241.[1] He claims the Department of Homeland Security has custody of his person in violation of 8 U.S.C. § 1231(a)(6). Petitioner now requests appointment of counsel pursuant to 18 U.S.C. § 3006A. For the reasons that follow, the Court **GRANTS** Petitioner's request and appoints Ms. Lori B. Schoenberg from the Federal Defenders of San Diego as counsel.

"Section 3006A(g) provides that counsel may be appointed for an impoverished habeas

_____

[1] "The relevant statute, 28 U.S.C. § 2241, provides that a writ of habeas corpus shall only be granted if 'a prisoner' is in custody under the authority of the United States 'in violation of the Constitution or laws or treaties of the United States.' Although the statute is commonly used by federal prisoners detained on criminal charges, it has also been employed, both historically and in its current form, by aliens detained for immigration law enforcement purposes." Armentero v. I.N.S., 340 F.3d 1058, 1061 (9th Cir. 2003); see also, Zadvydas v. Davis, 533 U.S. 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

- 1 -

1  petitioner whenever 'the court determines that the interests of justice so require'. . . ." <u>Bashor v.</u>

2  <u>Risley</u>, 730 F.2d 1228, 1234 (9th Cir. 1984), <u>quoting</u>, 18 <u>U.S.C.</u> § 3006A(g); <u>Chaney v. Lewis</u>, 801

3  F.2d 1191, 1196 (9th Cir. 1986) ("The district court has discretion to appoint counsel for indigents

4  when it determines that the interests of justice so require.") The Court "must evaluate both the

5  likelihood of success on the merits and the ability of the petitioner to articulate his claims <u>pro se</u> in

6  light of the complexity of the legal issues involved." <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th

7  Cir. 1997) (Citations omitted); <u>see also</u>, <u>Abdullah v. Norris</u>, 18 F.3d 571, 573 (8th Cir. 1994) ( The

8  Court "should consider the legal complexity of the case, the factual complexity of the case, the

9  petitioner's ability to investigate and present his claim, and any other relevant factors.").

10       It is likely that Petitioner will prevail on his claim. <u>See</u>, <u>Rand v. Rowland</u>, 113 F.3d at

11  1525. Petitioner claims that he is detained in violation of 8 <u>U.S.C.</u> § 1231(a)(6).  The Supreme

12  Court has held that a post-removal detention exceeding six months is presumptively unreasonable.

13  <u>See</u>, <u>Zadvydas v. Davis</u>, 533 U.S. at 701 ("[O]nce the alien provides good reason to believe that

14  there is no significant likelihood of removal in the reasonably foreseeable future, the Government

15  must respond with evidence sufficient to rebut that showing."); <u>see also</u>, <u>Arango Marquez v. I.N.S.</u>,

16  346 F.3d 892, 898 -899 (9th Cir. 2003) ("Section 1231(a)(6) does not authorize indefinite post-

17  removal period detention, but instead imposes an implied six-month limit on such detention,

18  provided that removal is not reasonably foreseeable.").  According to the Petitioner, he was

19  ordered removed in January 2002 and his removal became final in July 2002.  <u>Zadvydas</u>'s six

20  months limitation period in Petitioner's case expired in or about January 2003.  There is no

21  indication that since Petitioner has been in custody Respondents has attempted to remove him back

22  to Colombia.  Petitioner thus has shown that there "is no significant likelihood of removal in the

23  reasonably foreseeable future." <u>Zadvydas v. Davis</u>, 533 U.S. at 701.

24       In addition, Petitioner is incapable of articulating his claims <u>pro se</u>.  The case involves

25  complex Constitutional and statutory analysis, and interpretation of Supreme Court precedent.

26  Also, Petitioner's potential release would require, among other things, complex negotiations

27  regarding release terms and bond amounts.  <u>See</u>, <u>Bonin v. Vasquez</u>, 999 F.2d 425, 429 (9th Cir.

28  1993) ("[A]ppointment of counsel is necessary to prevent due process violations from occurring.").

1   Finally, Petitioner cannot afford to retain counsel as he has no income or assets.  (Motion at 1.)

2   This, coupled with complexity of the issues presented, also renders appointment of counsel

3   appropriate.

4           For reasons set forth above, Petitioner's request for appointment of counsel is **GRANTED**.

5   The Court appoints Federal Defenders, Inc. (Ms. Lori B. Schoenberg) as counsel.

6

7   DATED:   1/30/06

8                                                         ROGER T. BENITEZ
                                                          United States District Judge
9

10  cc: All parties and respective counsel

11      Federal Defenders of San Diego, Inc. (Ms. Lori B. Schoenberg)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Appendix B

1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**
9            **SOUTHERN DISTRICT OF CALIFORNIA**
10

| 11 | AHMED EL-BASHIR MUSTAFA, | CASE NO. 07CV480 WQH (POR) |
| 12 | Petitioner, | ORDER TO SHOW CAUSE AS TO WHY THE PETITION FOR WRIT OF |
| 13 | vs. | HABEAS CORPUS SHOULD NOT BE GRANTED AND ORDER |
| 14 | MICHAEL CHERTOFF, SECRETARY OF THE DEPARTMENT OF HOMELAND | GRANTING MOTION FOR APPOINTMENT OF COUNSEL |
| 15 | SECURITY, et al., | |
| 16 | Respondents. | |

17

18  HAYES, Judge:

19        Pending before the Court are Petitioner Ahmed El-Bashir Mustafa's Petition for Writ of

20  Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) and motion for appointment of counsel

21  pursuant to 18 U.S.C. § 3006A(a)(2)(B). (Docs. # 3, 1-2). Petitioner, who has been subject to a final

22  order of removal since July 22, 2006, alleges that his continued and indefinite detention is unlawful

23  because he has been detained beyond the presumptively reasonable period of six months and there is

24  no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas v. Davis*, 533

25  U.S. 678 (2001); *Nadarajah v. Gonzalez*, 443 F.3d 1069 (9th Cir. 2006).

26                                    **ORDER TO SHOW CAUSE**

27        Having reviewed Petitioner's claims, the Court finds that summary dismissal of the petition

28  is unwarranted at this time. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001)

1  ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory,

2  palpably incredible, or patently frivolous or false."). Accordingly, Respondents are **ORDERED TO**

3  **SHOW CAUSE** why the petition should not be granted by:

4      (1) filing a written return no later than **Tuesday, May 29, 2007.**

5      (2) filing copies of all documents, orders and transcripts relevant to the petition; and

6      (3) filing a memorandum of law and fact fully stating Respondents' position and making

7          a recommendation regarding the need for an evidentiary hearing on the petition.

8      If Petitioner wishes to reply to the return, he may do so by way of a traverse filed no later than

9  **Friday, June 15, 2007.**

10                               **MOTION FOR APPOINTMENT OF COUNSEL**

11      18 U.S.C. § 3006A(a)(2)(B) provides that "[w]henever the United States magistrate or the

12  court determines that the interests of justice so require, representation may be provided for any

13  financially eligible person who . . . (B) is seeking relief under section 2241 . . . ." "The purpose of

14  section 3006A is to provide for appointed counsel whenever required if failure to do so amounts to

15  a denial of due process." *Gray v. Kernan*, No. C-92-3379-DLJ, 1993 U.S. Dist. LEXIS 2113, *10-12

16  (N.D. Cal. Feb. 16, 1993); *citing Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Unless an

17  evidentiary hearing is required, appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B) is in

18  the discretion of the district court. *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181-82 (9th Cir. 1990).

19  In deciding whether to appoint counsel, the district court "must evaluate the likelihood of success on

20  the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the

21  complexity of the legal issues involved." *Gutierrez v. Flannican*, No. CIV 05-2981 PHX DGC

22  (DKD), 2005 U.S. Dist. LEXIS 31984, *1-2 (D. Ariz. Dec. 7, 2005); *citing Weygandt v. Look*, 718

23  F.2d 952, 954 (9th Cir. 1983).

24      **A.  Likelihood of Success on the Merits**

25      Petitioner has been subject to a final order of removal since July 22, 2006, yet has been held

26  beyond the six month presumptively reasonable time period articulated in *Zadvydas v. Davis*, 533 U.S.

27  678, 701 (2001). As of yet, the United States has not received travel documents that would permit

28  Petitioner to return to Sudan, and it appears that regional conflict in Sudan could make impossible the

1   receipt by the United States of the necessary travel documents in the reasonably foreseeable future.

2   *See Ma v. Ashcroft*, 257 F.3d 1095, 1005 (9th Cir. 2001) (when there is no reasonable likelihood that

3   a foreign government will accept a removable alien's return in the reasonably foreseeable future, the

4   removable alien may not be held by the United States for more than a reasonable period beyond the

5   removal period).  In addition, the United States cannot effectuate Petitioner's removal to a country

6   other than Sudan under 8 U.S.C. § 1231(b)(2)(E)(iii) because Petitioner did not reside in a country

7   other than Sudan before entering the United States.  Under the facts as alleged in the Petition for Writ

8   of Habeas Corpus, the Court concludes that Petitioner has demonstrated a likelihood of success on the

9   merits.

10          **B. Complexity of Legal Issues**

11          The complexity of immigration and habeas law highlights the potential benefits of appointed

12   counsel in these proceedings.  Indeed, the Court of Appeal for the Ninth Circuit has declared that

13   "[w]ith only a small degree of hyperbole, the immigration laws have been deemed second only to the

14   Internal Revenue Code in complexity."  *United States v. Ahumada-Aguilar*, 295 F.3d 943, 950 (9th

15   Cir. 2002).  Furthermore, assuming the Court grants the Petition for Writ of Habeas Corpus, there will

16   be a period of supervised release which involves 8 U.S.C. § 1231's complex statutory scheme.  *See*

17   *Ma*, 257 F.3d at 1104-05.  The Court concludes that the issues presented are sufficiently complex to

18   warrant appointment of counsel, particularly in light of the fact that Petitioner has had no formal

19   education or training in the United States.

20          After reviewing the Petition for Writ of Habeas Corpus and the accompanying declaration, and

21   in recognition of the potential need for an evidentiary hearing, the Court concludes that appointment

22   of counsel is warranted at this time.  The motion for appointment of counsel (Docs. # 3, 1-2) is

23   GRANTED.  The Court appoints Federal Defenders, Inc. as Petitioner's counsel in this case.

24          **IT IS SO ORDERED**.

25   DATED: May 1, 2007

26                                          *William Q. Hayes*
                                            **WILLIAM Q. HAYES**
27                                          United States District Judge

28

- 3 -

# Appendix C

1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL GUEVARRA MACALMA, | CASE NO. 06CV2623 WQH (AJB) |
| Petitioner, | ORDER |
| vs. | |
| MICHAEL CHERTOFF, Secretary of Homeland Security, et.al. , | |
| Respondents. | |

Hayes, Judge:

The matter before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Paul Guevarra Macalma. (Doc. # 1.)

## BACKGROUND

Petitioner Paul Guevarra Macalma is a native and citizen of the Philippines. Petitioner was born in Manila on April 24, 1981. Petitioner's father Benjamin Macalma left the Philippines and was admitted to the United States as a lawful permanent resident on December 31, 1981. Benjamin Macalma became a United States citizen by naturalization on June 18, 1993.

On November 16, 1996, Petitioner entered the United States as a lawful permanent resident.

On September 20, 2000, Petitioner was convicted in California state court of receiving stolen property in violation of California Penal Code §496(a) and "sentenced to three years of probation which was formally revoked on September 16, 2003." (Government's Return, Doc. # 6 at 3.)

1       On November 20, 2003, the Department of Homeland Security took custody of

2  Petitioner and placed him in removal proceedings. Based upon his September 20, 2000

3  conviction for receiving stolen property, Petitioner was charged with deportability under

4  Section 237(a)(2)(A)(i) for having been convicted of a crime involving moral turpitude

5  committed within five years after admission for which a sentence of one year or longer may

6  be imposed. In the hearing before the Immigration Judge, Petitioner claimed United States

7  citizenship by acquisition through his naturalized father.

8       On March 10, 2004, the Immigration Judge found that Petitioner was not a citizen and

9  ordered him removed to the Philippines. Petitioner filed an appeal to the Board of Immigration

10  Appeals.

11       On October 22, 2004, the Board of Immigration Appeals upheld the decision of the

12  Immigration Judge that Petitioner had not derived citizenship through his father under former

13  section 321 of the Immigration and Naturalization Act, 8 U.S.C. § 1432(a).

14       On November 16, 2004, Petitioner filed a Petition for Review in the Court of Appeals

15  for the Ninth Circuit along with a motion to stay deportation pending resolution of the appeal.

16  *Macalma v. Gonzales*, No. 04-75821.

17       On June 14, 2005, Respondents filed a statement of non-opposition to the motion for

18  stay of removal.

19       On August 5, 2005, the Court of Appeals filed an order which appears in the docket in

20  part as follows: "respondent has filed a statement of non-opp to mtn for stay of removal;

21  temporary stay of removal continues in effect until the issuance of the mdt or further order of

22  the ct." (Docket # 6, Exhibit 12 at 5.)

23       On February 27, 2006, Petitioner filed his opening brief in the Court of Appeals along

24  with a motion for appointment of counsel.

25       On March 21, 2006, the Court of Appeals denied the motion for appointment of counsel

26  and ordered Respondents to file an answering brief within 30 days.

27       On June 5, 2006, Respondents filed a motion to remand to the Board of Immigration

28  Appeals for reconsideration of the February 28, 2005 determination that Petitioner had not

1  derived citizenship through his father under former section 321 of the Immigration and

2  Naturalization Act, 8 U.S.C. § 1432(a).  Respondents requested that the Court of Appeals

3  remand the case to the Board "so that it can review this case in light of the Court's decision

4  in *Minaysan [v. Gonzales*, 401 F.3d 1069 (9th Cir. 2005)]." (Doc. #6, Exhibit 16 at 2.)

5          On August 23, 2006, the Court of Appeals entered an order which appears on the docket

6  in part as follows: "unless an opp to the mtn [to remand] is filed within 14 days of this order,

7  the mtn will be granted." (Doc. # 6, Exhibit 14 at 7.)

8          On September 22, 2006, the Court of Appeals granted Respondents' "unopposed"

9  motion to remand and stated "the parties are deemed to have agreed that the court's remand

10  order shall stay petitioner's removal." (Doc. # 6, Exhibit 14 at 7.)

11          On November 28, 2006, Petitioner filed the Petition for Writ of Habeas Corpus now

12  pending before this Court. (Doc. # 1.)

13          On December 7, 2006, this Court filed an Order to Show Cause why the Petition should

14  not be granted ordering the Respondents to file a written return no later than December 29,

15  2006.  (Doc. # 2.)

16          On January 23, 2007, this Court filed a Second Order to Show Cause upon

17  Respondents' failure to comply with the Court's order filed on December 7, 2006. This Court

18  ordered Respondents to file a written return no later than January 31, 2007. (Doc. # 3.)

19          On January 30, 2007, Respondents filed a Response to the Second Order to Show Cause

20  stating that the Petition had not been served upon Respondents; that the Order to Show Cause

21  filed on December 7, 2006 had not been received by Counsel for Respondents; and that the

22  Second Order to Cause was received on January 29, 2007.  Respondents requested and the

23  Court allowed additional time to file a return.  (Docs. # 4 and 5.)

24          On March 5, 2006, Respondents filed a Return in Opposition to the Petition for Writ

25  of Habeas Corpus.  (Doc. # 6.)

26          On March 9, 2007, the Board of Immigration Appeals issued a ruling "once again

27  dismiss[ing] the appeal. (Doc. # 13, Exhibit 25 at 2.)  The Board of Immigration Appeals

28  considered "*Minasyan* to be materially distinguishable from the present case for a number of

1    reasons." (*Id.*)  The Board concluded that Petitioner had not met his burden of proving that

2    he derived United States citizenship through either of his parents. (*Id.* at 3.)

3         On March 12, 2007, the American Civil Liberties Union filed a motion for leave to file

4    a brief as *Amicus Curiae* which was granted by this Court. (Docs. # 7 and 10.)

5         On March 19, 2007, Petitioner filed a motion to reopen before the Board of Immigration

6    Appeals.

7         On April 18, 2007, Respondents filed the Government's Opposition to *Amicus Curiae*

8    Brief. (Doc. # 13).

9         On May 11, 2007, the American Civil Liberties Union filed a Reply to the

10   Government's Opposition Brief. (Doc. # 16).

11        On May 3, 2007, Petitioner filed a Traverse. (Doc # 15.)

12                          **CONTENTIONS OF THE PARTIES**

13        Petitioner contends that he is entitled to release from the custody of Respondents under

14   appropriate conditions of supervision.  Petitioner contends the case law supports the exercise

15   of discretion in releasing deportees during the pendency of colorable challenges to the

16   proceedings underlying their removal.  Petitioner requests that the Court order Respondents

17   to release him from custody under appropriate conditions of supervision.

18        The *Amicus Curiae* Brief in Support of the Petitioner's Writ of Habeas Corpus contends

19   that the Petitioner's prolonged detention is contrary to the immigration laws and the United

20   States Constitution for the following three reasons: 1) there is no statute which authorizes

21   Petitioner's prolonged detention of more than three years, 2) the immigration statutes and due

22   process require that Petitioner be afforded a hearing to determine whether his detention is

23   justified, and 3) the sheer length of Petitioner's detention violates the Due Process Clause of

24   the United States Constitution.  The *Amicus Curiae* Brief asserts that Petitioner's detention

25   under 8 U.S.C. §1226(c)(1)(C) was not authorized at any time because he was sentenced to

26   three years of probation and was not sentenced to at least one year imprisonment as required

27   pursuant to Section 1226(c)(1)(C).  Even if Section 1226(c) applies, the *Amicus Curiae* Brief

28   asserts that this case is not distinguishable in any meaningful way from the case of *Tijani v.*

1    *Willis*, 430 F.3d 1241 (9th Cir. 2005) in which the Court of Appeals concluded that detention

2    of two years and eight months was not within the authority conferred by Section 1226(c). The

3    *Amicus Curiae* Brief requests that the Court grant the Writ of Habeas Corpus and order

4    Petitioner's immediate release under reasonable conditions of supervision, or, in the

5    alternative, order the Respondents to hold a constitutionally adequate hearing before an

6    immigration judge to determine whether the continued detention is justified.

7         Respondents contend that the Petition should be denied on the grounds that detention

8    pending the completion of removal proceedings is mandatory for certain aliens who have

9    committed specific criminal offenses. Respondents contend that Section 1226(c)(1)(C)

10   mandates detention for Petitioner because he has been convicted of committing a crime

11   involving moral turpitude and sentenced to at least one year of imprisonment. Respondents

12   contend that there have been no inordinate delays in the administrative proceedings before the

13   Immigration Judge and the Board of Immigration Appeals. Respondents contend that the

14   *Tijani* case applies only to cases involving prolonged administrative removal proceedings and

15   is not applicable to judicial delay. Respondents contend that Petitioner has the ability to

16   prosecute his appeal from his home country and that he chose instead to pursue his claim

17   through judicial review from within the United States making his detention voluntary.

18   Respondents do not address the assertion that Section 1226(c) does not apply to Petitioner

19   because he was not sentenced to at least one year imprisonment.

20                                    **DISCUSSION**

21        Petitioner has been in the custody of the Secretary of the Department of Homeland

22   Security and the Attorney General since November 20, 2003 pursuant to the authority

23   conferred under 8 U.S.C. § 1226(c)(1)(C). Petitioner was ordered removed on March 10, 2004

24   and this order of removal has been stayed by order of the Court of Appeals up to the present

25   time. This Court has jurisdiction under 28 U.S.C. § 2241 to determine a challenge to

26   confinement on statutory and constitutional grounds which do not involve final orders of

27   removal. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006). The final order of

28   removal in this case has been stayed by the Court of Appeals and the resolution of the

06cv2623WQH

1  challenge to confinement does not involve a final order of removal.

2      Under Section 1226(a), an alien charged with removability may, upon a warrant, be
3  arrested and detained pending removal proceedings.  Such an alien may, in the discretion of
4  the Attorney General (now the Secretary of Homeland Security), be released on bond or on
5  conditional parole, pending the completion of the removal proceedings, unless the alien falls
6  within the categories of aliens described in Section 1226(c).

7      Petitioner is charged with being subject to removal pursuant to 8 U.S.C.
8  §1227(a)(2)(A)(i) which provides for the deportation of a lawfully admitted alien who is
9  convicted of a crime involving moral turpitude committed within five years after the date of
10  admission and "is convicted of a crime for which a sentence of one year or longer may be
11  imposed."  Section 1227(a)(2)(A)(i)(II).  Petitioner is held under the detention provisions of
12  8 U.S.C. § 1226(c)(1)(C) which provides that "the Attorney General shall take into custody
13  an alien who - is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an
14  offense for which the alien has been sentenced to a term of imprisonment of at least 1 year."
15  The documents submitted in this case do not establish that Petitioner has been "sentenced to
16  a term of imprisonment of at least 1 year." 8 U.S.C. § 1226(c)(1)(C).  Respondent has not
17  established that 8 U.S.C. § 1226(c)(1)(C) authorizes the mandatory detention of the Petitioner.
18  Based upon the record in this case, Petitioner is entitled to a release hearing pursuant to the
19  provisions of 8 U.S.C. § 1226(a).

20      IT IS HEREBY ORDERED that the Petition for Habeas Corpus is granted as follows:
21  Respondents shall provide a release hearing to Petitioner pursuant to the provisions of 8 U.S.C.
22  § 1226(a) within 10 days of the date of this order.  The Court appoints the Federal Defender
23  as counsel for Petitioner for the sole purpose of representation in this habeas action.
24  Respondents shall file a status report in this case within 20 days of the date of this order.  This
25  case will remain open pending further order of this Court.

26  DATED:  May 22, 2007

27                                WILLIAM Q. HAYES
28                                United States District Judge

06cv2623WQH