# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURDEV SINGH, [A42-976-796],<br><br>                         Petitioner,<br>vs.<br><br>MICHAEL CHERTOFF, ET. AL. ,<br><br>                         Respondent. | CASE NO. 08CV464 BTM (JMA)<br><br>ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. 2]; GRANTING MOTION FOR APPOINTMENT OF COUNSEL [Doc. 3]; AND ORDER TO SHOW CAUSE WHY THIS PETITION SHOULD NOT BE GRANTED. |

      On March 12, 2008, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. He simultaneously filed a motion to proceed in forma pauperis ("IFP Motion") and a motion for appointment of counsel.

      The Court has considered Petitioner's declaration in support of his motion to proceed IFP under 28 U.S.C. § 1915 and his motion for appointment of counsel. Petitioner's application to proceed IFP reveals that Petitioner has $370 in his prison trust account. Based on the above, the Court finds that Petitioner is able to pay the $5 filing fee for his Petition. The Court therefore DENIES Plaintiff's motion to proceed IFP. He must pay the filing fee within 30 days or this matter will be dismissed.

      Plaintiff also requests appointment of counsel pursuant to 18 U.S.C. §3006A. 18 U.S.C. § 3006A(a)(2)(B) provides that "[w]henever the United States magistrate or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . (B) is seeking relief under section 2241." In deciding

whether to appoint counsel, the district court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).

Here, the Petitioner has demonstrated a likelihood of succeeding under the merits. Petitioner has been subject to a order of removal since January 24, 2007 and has been detained since that time. Upon review of the Petition, the Court concludes that Petitioner has demonstrated a likelihood of success in challenging his prolonged immigration detention under Tijani v. Willis, 430 F.3d 1241 (9th Cir. 2005) and Nadarajah v. Gonzalez, 443 F.3d 1069 (9th Cir. 2006). The Court further finds that Petitioner would have difficulty articulating his claims *pro se* given the complexity of immigration law and the fact that Petitioner's claims are based on a relatively new and evolving area of the law. The Court therefore GRANTS Petitioner's Motion for Appointment of Counsel. The Court appoints Federal Defenders as Petitioner's counsel in this case.

Having reviewed Petitioner's claims, the Court finds that summary dismissal of the petition is not warranted at this time. Accordingly, Respondents are ordered to show cause why the petition should not be granted. Respondents shall file a written return by May 9, 2008. Petitioner may file a traverse by May 23, 2008. This matter shall be calendared for disposition on June 6, 2008 at 11:00 a.m. Petitioner shall pay the filing fee within 30 days or this case will be closed and the petition dismissed.

IT IS SO ORDERED.

DATED: April 16, 2008

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge