KAREN P. HEWITT
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney
California State Bar No. 94918
United States Attorney's Office
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7119
Facsimile:  (619) 557-5004
Email: samuel.bettwy@usdoj.gov

Attorneys for Federal Respondents

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURDEV SINGH,<br><br>                    Petitioner,<br><br>     vs.<br><br>MICHAEL CHERTOFF, Secretary of Homeland Security, et al.,<br><br>                    Respondents. | No. 08cv0464-BTM (JMA)<br>A42-967-796 |

GOVERNMENT'S RETURN

IN OPPOSITION TO PETITION

FOR WRIT OF HABEAS CORPUS

I

INTRODUCTION

Petitioner Singh seeks release from Department of Homeland Security ("DHS") custody based on the fact that more than 18 months have elapsed since he was taken into DHS custody on October 24, 2006. [Pet. 10.] Yet, Singh does not allege that his administrative proceedings were unduly lengthy, and he neglects to inform the Court that he has requested two extensions of time to file his opening brief before the Ninth Circuit. This case is therefore not controlled by the Zadvydas, Tijani and/or Nadarajah decisions. As explained below, the correct test is whether a petitioner's detention is voluntary and, if not, whether the duration of removal proceedings has been unduly prolonged by the Government.

Apart from the fact that Singh's detention is voluntary given that he can pursue his petition for review from abroad, see Cruz-Ortiz v. Gonzales, No. 06-55654, 2007 WL 580670 (9th Cir. Feb. 22, 2007) (unpublished) [copy attached], he is not entitled to release pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001), Tijani v. Willis, 430 F.3d 1241 (9th Cir. 2005), or Nadarajah v. Gonzales, 443 F.3d 1069 (9th Cir. 2006), because there is no indication that the Indian government will refuse to accept Singh for repatriation, and Singh's petition for review proceedings have, as a matter of law, a definite termination point that is within the control of the parties and the judiciary. The only obstacle to Singh's repatriation is his own actions.

Despite Singh's request for four continuances before the Immigration Judge ("IJ"), his removal proceedings were completed in five months, which is consistent with the average length of time sanctioned by the Supreme Court in Demore v. Kim, 538 U.S. 510 (2003). Singh's petition for review proceedings before the Ninth Circuit have been prolonged only because Singh has requested and been granted two extensions of time to file his opening appellate brief. Clearly, all delay in Singh's proceedings, thus far, is attributable only to him. The instant Petition should therefore be denied.

///
///
///

II

STATEMENT OF FACTS

Petitioner Singh is a native and citizen of India. [Ex. 1.][1] On June 26, 1991, he immigrated to the United States through his U.S. citizen sister. [Ex. 1; Pet. at 2-3.] August 8, 1996, he was convicted of disturbing the peace and sentenced to 30 days in jail and 24 months of probation. [Exs. 4, 7, 63.] On March 28, 1997, he was conviction of felony DUI with prior convictions and sentenced to 365 days in jail and five years of probation. [Ex. 7.] On September 18, 2002, he was convicted of spousal abuse and sentenced to three years in prison. [Exs. 2.] On October 19, 2005, he was convicted of felony DUI with prior convictions and sentenced to two years in prison. [Exs. 2, 6, 15.]

On October 24, 2006, DHS took transfer of custody of Singh from state prison and commenced removal proceedings on the basis of the 2002 conviction. [Ex. 25.] Singh requested and was granted continuances at his hearings before the IJ on October 31, November 14, November 28, and December 5, 2006. [Exs. 29-32, 37-38, 40-41.] Singh obtained legal representation on or before November 22, 2006. [Exs. 33-35.]

At Singh's final removal hearing on January 24, 2007, the IJ ordered him removed from the United States to India. [Ex. 45.] Singh reserved his right to appeal and was informed that he had until February 23, 2007, to file a notice of appeal with the Board of Immigration Appeals ("BIA"). [Id.]

Singh filed his notice of appeal over thirty days later, on February 29, 2007. [Exs. 46-48, 50, 54.] Accordingly, on March 30, 2007, the BIA dismissed the appeal for being untimely. [Exs. 53-54.] Singh had thirty days, namely until April 30, 2007, to file a petition for review with the Ninth Circuit Court of Appeals. Singh filed the petition for review three weeks later, on April 24, 2007, accompanied by a request for stay of removal. [Ex. 71] The request for stay of removal resulted in an automatic stay of removal, and on August 3, 2007, the Ninth Circuit granted the unopposed request for stay of removal. [Ex. 71.]

On August 3, 2007, the Ninth Circuit issued a briefing schedule, requiring the Government to file the Certified Administrative Record ("CAR") by August 31, 2007, and requiring Singh to file his opening brief by November 29, 2007. [Ex. 71.] On or about August 28, 2007, the Government mailed

---

[1] "Ex." refers to the accompanying exhibits, which comprise a true copy of documents contained in Singh's DHS "A-File, No. A42 967 796.

the CAR to Singh's attorney of record. [Bettwy Declaration, para. 2.] On November 26, 2007, Singh requested an extension of time to file his opening brief. [Ex. 71.] On December 3, 2007, the Ninth Circuit extended Singh's deadline until March 27, 2008. [Exs. 71-72.] On March 26, 2008, Singh requested another extension of time to file an opening brief [Ex. 72] and on March 28, 2008, the Ninth Circuit gave him until July 21, 2008, to file his opening brief. [Id.] Singh has not yet filed his opening brief in his proceedings before the Ninth Circuit.

## III

## ARGUMENT

### A.   SINGH'S DETENTION IS VOLUNTARY

Singh's Petition should be denied because his detention is voluntary, and all delay in his removal proceedings is attributable to him. The Ninth Circuit recently stated that a petitioner is being "voluntarily detained" pending judicial review of a final removal order when he requests and obtains a stay of removal. Cruz-Ortiz, 2007 WL 580670 at *1 ("appellant is being voluntarily detained--upon his requested stay of removal--pending appeal of his final removal order").

Detention is voluntary because a petitioner may choose to prosecute the petition for review from outside the United States. Removal or other departure from the United States does not constitute abandonment of the appeal or otherwise render the appeal moot. See 8 U.S.C. § 1252(b)(3)(B) & (b)(8)(C); Elian v. Ashcroft, 370 F.3d 897, 900 (9th Cir. 2004) ("We may entertain a petition after the alien has departed"); Zazueta-Carrillo v. Ashcroft, 322 F.3d 1166, 1171 (9th Cir. 2003) (even though a petition for review is filed, INS may remove the petitioner without delay after an unfavorable BIA decision, and the petitioner may continue the case from abroad); Andreiu v. Ashcroft, 253 F.3d 477 (9th Cir. 2001) ("Our decision to deny the stay, of course, is not a decision on the merits of Andreiu's petition for review, and nothing we hold today is meant to prejudice Andreiu's ability to advance any of the claims asserted for review in subsequent proceedings").

Decisions from this district have acknowledged that the length of detention can be attributed to the petitioner pending judicial review where the petitioner has obtained a stay of removal. In Valdez v. Chertoff, No. 06cv2184-JAH, slip op. at 4-5 (S.D. Cal. Aug. 22, 2007) [copy attached], Judge Houston ruled that a petitioner's detention is voluntary pending judicial review where the continued detention is a direct result of the petitioner's own choice to remain in custody rather than pursue an

appeal from abroad.  See also Verdugo-Gonzalez v. Ridge, No. 07cv0402-LAB, slip op., 2008 WL 170018 at *3 (S.D. Cal. 2008) ("an appeal of a removal Order through a petition for judicial review by the circuit courts may be pursued from outside the United States. . . Verdugo-Gonzalez successfully sought a stay of removal while he pursues his judicial remedies on the merits of his challenges to the removal Order. His current detention is accordingly of his own choosing"); Arteaga v. Gonzales, No. 07cv1626-BEN, slip op. at 3-5 (S.D. Cal. Nov. 13, 2007) [copy attached] (holding that petitioner's detention is voluntary pending resolution of his or her petition for review at the Ninth Circuit).

In Judulang v. Chertoff, 535 F. Supp.2d 1129, 1132-33 (S.D. Cal. 2008) and more recently, in Mau v. Chertoff, No. 07cv2037-IEG, 2008 WL 687368 at *4 (S.D. Cal. 2008), Judge Gonzalez rejected Cruz-Ortiz and the voluntariness argument, because, in Tijani, the panel referred to the entire length of detention that had elapsed as of the time of rendering its opinion, including detention that had occurred during judicial review.[2/]  See Tijani at 1242, 1249.  Yet, the voluntariness issue had not been raised and explored by the parties, because Tijani did not file his petition for review until, coincidentally, the day of oral argument before the Tijani panel (January 10, 2005).  See Tijani v. Gonzales, No. 05-70195 (9th Cir.) (petition for review filed on January 10, 2005).  The voluntariness issue is currently before the Ninth Circuit in Casas-Castrillon v. D.H.S., C.A. No. 07-56261 (9th Cir.).  The Ninth Circuit has vacated the briefing schedule in at least one case pending its decision in Casas.  See Fraihat v. Chertoff, 07-56703 (9th Cir. Mar. 18, 2008) (copy attached).  Such action by the Ninth Circuit would suggest that the voluntariness issue is not controlled by the Tijani decision.

Pending a published opinion from the Ninth Circuit that addresses the voluntariness issue, this Court should recognize that the Ninth Circuit's view in Cruz-Ortiz is consistent with its prior decisions in Tijani and Nadarajah, because the operative facts of those decisions concern extraordinary delay during administrative proceedings over which the Government has control and where an alien may not pursue a defense from outside the United States. In such circumstances, the Ninth Circuit ruled that it is unreasonable to continue to detain an alien pursuant to mandatory detention provisions during extraordinary delays in administrative proceedings.  However, the Ninth Circuit recognized in Cruz-

---

[2/]   See also Mustanich v. Gonzales, No. 07cv1100-WQH, 2007 WL 2819732 at *8 (S.D. Cal. Sept. 26, 2007) (given Tijani, "the Court concludes that it can and must consider periods of detention which accrue pending judicial review in determining whether removal proceedings and detention pursuant to 8 U.S.C. § 1226(c) are expeditious and reasonable").

1  Ortiz that a petitioner is statutorily permitted to pursue his petition for review of a removal order from
2  outside the United States and, therefore, the length of detention can be attributed to the petitioner.

3        Singh has not presented any evidence that he cannot pursue his petition for review from his home
4  country of India or from a third country.  On the contrary, Singh has stated that he has no fear of
5  returning to India and never applied for asylum or any related relief from the IJ. [Ex. 19.]  Furthermore,
6  no appreciable delay can be attributed to the Government in Singh's proceedings before the Ninth
7  Circuit, whereas considerable delay can be attributed to Singh.  As Judge Gonzalez stated in Mao:
8  "[T]he Court is sensitive to the possibility that a removable alien may engage in dilatory tactics in order
9  to compel a determination that his detention was unreasonably long, . . ."  Mao at *4.

10        It is anticipated that Singh will assert that the Government is somehow estopped from raising the
11  defense of voluntariness in this habeas action due to its decision not to oppose Singh's request for stay
12  of removal in his petition for review proceedings.  [See Pet. at 3.]  The argument is immaterial to the
13  voluntariness of Singh's detention unless Singh were to allege that the Government induced him to apply
14  for a stay of removal.  See, e.g., Morgan v. Gonzales, 495 F.3d 1084, 1092 (9th Cir. 2007).[3/]  Likewise,
15  the Government's decision not to oppose Singh's several requests for extensions of time in his
16  administrative and judicial proceedings in no way constitutes a basis for asserting estoppel against the
17  Government.  In sum, Singh's detention pending judicial review is voluntary, so he is not entitled to
18  habeas relief.
19  ///
20  ///
21  ///
22
23  _____

24      [3/]    A party seeking to raise estoppel against the government must
establish affirmative misconduct going beyond mere negligence; even then, estoppel will
25  only apply where the government's wrongful act will cause a serious injustice, and the
public's interest will not suffer undue damage by imposition of the liability. . . .  When
26  estoppel is available, the court then considers its traditional elements, which include that
"(1) the party to be estopped must know the facts; (2) he must intend that his conduct
27  shall be acted on or must so act that the party asserting the estoppel has a right to believe
it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on
28  the former's conduct to his injury.

Id. at 1092 (quoting Watkins v. U.S. Army, 875 F.2d 699, 707 (9th Cir. 1989) (en banc)).

1  B.     FAILURE TO STATE A FACTUAL OR LEGAL BASIS FOR RELEASE

2  Apart from the fact that Singh's detention is voluntary for the reasons set forth above, the Petition
3  should be summarily denied because there is no factual or legal basis for seeking release under
4  Zadvydas, Tijani and/or Nadarajah.

5           1.    Inapplicability of *Zadvydas*

6  Singh, through counsel, repeatedly invokes the Supreme Court's decision in Zadvydas in support
7  of his argument that he should be released. [Pet. at 2, 4-8.] Zadvydas is not applicable to this case
8  because it concerned aliens who were under final order of removal for whom the removal period had
9  elapsed and for whom repatriation was not politically possible for an unknown period of time for reasons
10 beyond the control of the parties and the judiciary. In this case, the removal period has not elapsed, the
11 United States enjoys diplomatic relations with India, and the duration of judicial review is neither
12 indefinite nor beyond the control of the parties and the judiciary.

13 In Zadvydas, the Court stated that, generally, a presumptively reasonable period of detention
14 would be six months after the removal period commences. Id. at 680. Singh's removal period was
15 interrupted when Singh filed his petition for review and accompanying request for stay of removal, and
16 the period will not re-commence until either Singh's petition for review is decided or his stay of removal
17 is vacated. See 8 U.S.C. § 1231(a)(1)(B).

18 Singh's petition for review proceedings have, as a matter of law, a definite termination point that
19 is within the control of the parties and the judiciary. See Zadvydas at 697 ("detention pending a
20 determination of removability . . . has [an] obvious termination point"). See also Hussain v. Mukasey,
21 510 F.3d 739, 743 (7th Cir. 2007) (detention prior to the initiation of removal under Section 1231(a)(2),
22 including pending judicial review, is not indefinite); Soberanes v. Comfort, 388 F.3d 1305, 1311 (10th
23 Cir. 2004) ("detention is clearly neither indefinite nor potentially permanent . . . it is, rather, directly
24 associated with a judicial review process that has a definite and evidently impending termination point");
25 Verdugo-Gonzalez v. Ridge, No.07cv0402-LAB, 2008 WL 170018 at *3 (S.D. Cal. Jan. 17, 2008)
26 ("Unlike in *Zadvydas*, he raises no issue associated with any impediment to his ultimate removal should
27 he not prevail in the Ninth Circuit"); Arteaga, No. 06cv1626-BEN, slip op. at 6-7 (detention pending
28 judicial review is not indefinite because once the Ninth Circuit issues a decision, the petitioner will
   either be released or removed) [copy attached]; Mboussi-Ona v. Crawford, No. 06-02897-PHX-NVW,

2007 WL 3026946 (D. Ariz. Sept. 27, 2007) (Tijani does not apply where detention is a result of normal judicial appeal time); Supnet v. Gonzales, No. 06cv2189-JAH, slip op. at 3-4 (S.D. Cal. Aug. 29, 2007) (same) [copy attached]; Middleton v. Clark, No. C06-1324RSM, 2007 WL 1031725 at *6-7 (W.D. Wash., Apr. 2, 2007) (same).

In Mboussi-Ona v. Crawford, the district court reasoned that the Tijani "expedited" standard cannot apply where the administrative proceedings were reasonable and any continued detention is a result of "normal judicial appeal time":

> If the Tijani gloss applies in this manner, then every judicial appeal will exceed this "expedited" standard. This would mean that by merely seeking judicial review, every alien found removable would be entitled to an individualized bond hearing and possible release. . . A rule creating a universal right to an individualized bond hearing merely by seeking judicial review would bring the art of delay to perfection.

Mboussi-Ona, 2007 WL 3026946 at *5.

Furthermore, even if this case involved a post-order, Zadvydas-controlled detention, Singh's continued detention would be authorized due to his own dilatory actions in Singh v. Mukasey, No. 07-71577, namely his application for a stay of removal and his requests for extensions of time to file an opening brief. See 8 U.S.C. §1231(a)(1)(C) ("The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien . . . acts to prevent the alien's removal subject to an order of removal.); Pelich v. I.N.S., 329 F.3d 1057 (9th Cir. 2003).

Courts have consistently recognized that litigation efforts that stymie removal efforts toll the permissible detention periods set forth under Zadvydas. See, e.g., Guang v. I.N.S., 2005 WL 465436 (E.D.N.Y. Feb. 28, 2005) (rejecting application of Zadvydas where petitioner pursued litigation and stays with the administrative courts, Second Circuit, and district court and holding that his own actions of pursuing the stays resulted in his prolonged detention); see also Lawrence v. Gonzales, 446 F.3d 221, 227 (1st Cir. 2006) (rejecting Zadvydas claim because alien's "continued detention here occurred pursuant to his own procuring of stays incident to his legal challenges to the removal order . . ."); Abimbola v. Ridge, 2005 WL 588769 *2-3 (Mar. 7, 2005 D. Conn.) motion for reconsideration denied, 2005 WL 2663075 (October 15, 2005), aff'd, 2006 WL 1408375 (2d Cir. May 18, 2006) (noting that "but for...[alien's] seeking and/or receiving numerous judicial stays and filing his numerous petitions for reconsideration and appeals,...[alien] could have been speedily deported...."). As the district court

noted in Mboussi-Ona, a petitioner "cannot complain about delay from his own extensions." Mboussi-Ona, 2007 WL 3026946 at *5.

Singh should be equitably estopped from pursuing relief from delays that he himself has caused. The Supreme Court has recognized that the remedy of federal habeas is an equitable one that implicates sensitive federalism concerns. Sanders v. United States, 373 U.S. 1, 17 (1963) ("habeas corpus has traditionally been regarded as governed by equitable principles"), *overruled in part on other grounds*, McCleskey v. Zant, 499 U.S. 467 (1991); see also Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Fay v. Noia, 372 U.S. 391, 438 (1963). In Sanders, Justice Brennan stated that habeas corpus is governed by "the principle that a suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks" and that the principle is to be "addressed to the sound discretion of the federal trial judges." Id. at 17-18.

Apart from whether Zadvydas applies, Singh has failed to demonstrate that his removal is not likely in the reasonably foreseeable future. The only evidence that Singh can present is the fact that he, himself, has been the source of all delay in his petition for review proceedings before the Ninth Circuit.

        2. Inapplicability of *Tijani* and *Nadarajah*

Citing Tijani and Nadarajah, Singh contends that he should be released because, in all, he has been detained for over eighteen months. [Pet. at 10.] Both of those cases concerned mandatory detention pending unduly prolonged administrative removal proceedings before the IJ and/or the BIA. Singh does not allege that his administrative proceedings before either the IJ or the BIA were unduly prolonged, he does not blame Respondents for the length of duration of his proceedings before the Ninth Circuit, and he does not volunteer the reasons for the length of his detention. As explained above, Singh has made, in all, six requests for continuance in his removal proceedings and before the Ninth Circuit. Clearly his own actions and inactions have resulted in prolongation of his detention.

Furthermore, the length of Singh's proceedings before the IJ were not unusually prolonged, even without considering that he made four requests for continuance. See Kim v. Demore, 538 U.S. at 530-31 (noting that Kim "was detained for somewhat longer than the average [of 47 days], . . . but himself had requested a continuance of his removal proceedings"). The Supreme Court upheld the detention of Kim,

1 who was in custody for more than six months during his proceedings before the IJ.<u>4/</u> Unlike Kim, Singh
2 was detained pending proceedings before the IJ for only three months (from October 24, 2006, to
3 January 24, 2007). Singh's proceedings before the BIA lasted less than thirty days. See id. at 529
4 (noting that the BIA "appeal takes an average of four months").

5 In addition, Nadarajah is clearly distinguishable from this case because the petitioner had been
6 detained for five years, had never been ordered removed, and had "won relief at every administrative
7 level . . . ." 443 F.3d at 1081. The Ninth Circuit held that it was unlikely that Nadarajah would be
8 removed in the reasonably foreseeable future because he had "won at every administrative level . . . "
9 and in so doing had "won relief denied 98% of [asylum] applicants . . . a powerful indication of the
10 improbability of his foreseeable removal, by any objective measure." Id. Further, the IJ had granted
11 Nadarajah withholding of removal, and DHS had not appealed from the grant. Id. The Ninth Circuit
12 ruled that, in such circumstances, "Nadarajah has established that there is no significant likelihood of
13 his removal in the reasonably foreseeable future." Id. By contrast, Singh has failed to win relief at any
14 level, and the only obstacle to his removal at this juncture are his decision to remain in the United States
15 pending his petition for review and his requests for extensions of time to file an opening brief.

16 Tijani is also distinguishable from this case because Tijani had been detained mandatorily for
17 21 months pending administrative proceedings. By contrast, Singh's administrative proceedings lasted
18 five months, which as explained above, is consistent with the duration of lawful detention contemplated
19 in the Kim case.

20 ///
21 ///
22 ///

---

28  <u>4/</u>    See Kim v. Ziglar, 276 F.3d 523, 526 (9th Cir. 2002) ("On August 10, 1999, after Kim had been in custody for six months, [when] the district court . . . ordered the INS to hold a bail hearing to determine Kim's risk of flight and dangerousness. In lieu of holding a bail hearing, the INS released Kim on a $5,000 bond"), rev's sub nom Demore v. Kim, 538 U.S. 510 (2003).

IV

CONCLUSION

For the reasons set forth above, the Petition should be denied.

DATED: May 7, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/ *Samuel W. Bettwy*

_____
SAMUEL W. BETTWY
Assistant U.S. Attorney

Attorneys for Respondents