```
SYLVESTER OWINO
A97-469-354
San Diego Detention Center (CCA)
P.O. Box 439049
San Ysidro, CA 92143
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. WILLIAM Q. HAYES)

| | |
|---|---|
| SYLVESTER OWINO,<br>[A97-469-354]<br><br>                      Petitioner,<br><br>   v.<br><br>MICHAEL CHERTOFF, et al.,<br><br>                     Respondents. | No. 07-CV2267-WQH (POR)<br><br>DECLARATION OF JAMES FIFE IN SUPPORT OF PETITIONER'S MOTION FOR RECONSIDERATION OF MOTION FOR APPOINTMENT OF COUNSEL |

I, James Fife, declare:

1. I am an attorney duly licensed to practice law in the State of California, in the United States District Court for the Southern District of California, and in the United States Court of Appeals for the Ninth Circuit.

2. I am an employee of Federal Defenders of San Diego, Inc. In my capacity as an employee of Federal Defenders, I am assisting the petitioner, Sylvester Owino, in securing his release from the custody of federal immigration officials, and in filing a petition for a writ of habeas corpus in the United States District Court for the Southern District of California.

3. On December 3, 2007, concurrent with the Petition in this case, I filed on Mr. Owino's behalf a Motion for Appointment of Counsel.

4. On December 18, 2007, this Court denied the Motion without prejudice.

5. On January 18, 2008, Respondents filed their Return, raising a claim that the Petition should be denied, because Mr. Owino has deliberately obstructed his removal in the meaning of Pelich v. INS, 329 F.3d 1057 (9th Cir. 2003).

6. On January 29, 2008, again on Mr. Owino's behalf, I filed a Motion for Reconsideration of the Motion to Appoint Counsel, noting that the Return and the course of events had altered the original legal posture of the case. Although the Petition was originally brought on the basis of Tijani v. Willis, 430 F.3d 1241 (9th Cir. 2005), and Nadarajah v. Gonzales, 443 F.3d 1069 (9th Cir. 2006), it appeared that Kenya was resisting repatriation, and so Mr. Owino's case now had the characteristics of a classic instance falling under Zadvydas v. Davis, 533 U.S. 678 (2001). Given the growing factual and legal complexity of the case, Mr. Owino requested the Court reconsider appointment so that he had the assistance of counsel in preparing the Traverse.

7. On February 13, 2008, Respondents filed a non-opposition to the Motion to Reconsider.

8. On February 15, 2008, I filed a Traverse on behalf of Mr. Owino, denying he had engaged in any deliberate obstruction and arguing that he had gone to extraordinary personal lengths to effect his removal from the United States.

9. To date, the Court has not acted on the reconsideration motion.

10. On April 30, 2008, the Court ordered Respondents to update the Court on the status of travel document requests from Kenya.

11. On May 19, 2008, Respondents filed their Update per the Court's Order. In the Update, Respondents allege further acts which they characterize as deliberate obstruction, such as contacting Mr. Owino's own embassy officials. Respondents object to what they describe as "a pattern in similar cases in which habeas petitioners and/or their attorneys are communicating with foreign consulates for purposes unrelated to the facilitation of the issuance of travel documents." Respondents present a one-sided and skewed depiction of Mr. Owino's actions and raise legal issues which stretch far beyond the original confines of the Petition, including what counts as "obstruction" and whether Respondents have the right to insist that detainees refrain from contacting their own diplomatic missions–in person or through their attorneys–to make

legitimate inquiries on the status of their cases, to gather information in support of their habeas petitions, and to confirm the truth of Respondents' often overly optimistic assertions that travel documents are in the works.

12. Respondents' allegations raise a welter of legal and factual issues to which Mr. Owino has been given no formal means of response. As this Court did not grant Mr. Owino permission to respond or submit his own update, the full facts regarding Mr. Owino's actions are not before the Court. Respondents' pleading is an essentially *ex parte* communication, because Mr. Owino has been given no right to respond with his version of the facts.

13. This latest filing raises even more legal complications and factual disputes beyond those in the Return, which itself greatly complicated the posture of this case. Mr. Owino's inability pro se to defend his Petition amid shifting legal and factual circumstances is impinging on this right to due process and a fair hearing. He has no way to research the legal issues raised or to address the factual assertions of events occurring in other detainees' cases. Appointment of counsel is necessary for Mr. Owino's timely and full participation in this increasingly complicated case. The case has now moved a long way from the circumstances when this Court could characterize it as one where Mr. Owino "has clearly presented the facts and law" pertinent to the active issues in the case. Appointment is necessary for a proper and efficient airing of the disputed matters which have arisen here.

I declare under penalty of perjury that the foregoing is true and correct, except for those matters which are stated to be on information and belief, and as to those matters, I believe them to be true.

Executed on this 21st day of May 2008, in San Diego, California.

JAMES FIFE
Declarant