**JAMES FIFE**
California State Bar No. 237620
**FEDERAL DEFENDERS OF SAN DIEGO, INC**.
225 Broadway, Suite 900
San Diego, CA 92101-5008
Telephone: (619) 234-8467
james_fife@fd.org

**Attorneys for GURDEV SINGH**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. BARRY T. MOSKOWITZ)

| | |
|---|---|
| GURDEV SINGH,<br><br>            Petitioner,<br><br>    v.<br><br>MICHAEL CHERTOFF, et al.,<br><br>            Respondents. | Case No. 08CV0464-BTM (JMA)<br><br>**COURT-ORDERED REPLY TO *EX PARTE* REQUEST FOR STAY** |

Pending a ruling on the instant Petition, on August 13, 2008, Respondents filed an *ex parte* request for a stay of 60 days "to permit Petitioner to request and obtain a bond review before an Immigration Judge" pursuant to recent Ninth Circuit decisions.  Government's *ex parte* Request to Hold Case in Abeyance And Order Status Report ("Request") at 1.  On August 15, 2008, this Court ordered Petitioner to respond to the request by August 22, 2008.

Respondents argue that a detained deportee in Petitioner's circumstances is entitled to a bail hearing before the immigration judge ("IJ") under Casas-Castrillon, ___ F.3d ___, 2008 WL 2902026 (9th Cir. July 25, 2008), and Prieto-Romero, ___ F.3d ___, 2008 WL 2853396 (9th Cir. July 25, 2008).  Under these

1

decisions, deportees who were originally mandatorily detained under 8 U.S.C. § 1226(c) convert their detention authority to § 1226(a) once a petition for review is filed and a stay of the removal order is in effect. See Casas-Castrillon, 2008 WL 2902026, at *4.  As a result, formerly mandatorily detained deportees are entitled to bond hearings at which the Government bears the burden to prove ineligibility for release. See id. at *7. ("To avoid the constitutional concerns attending such an unreviewed detention, the Ninth Circuit held that § 1226(a) must be construed as *requiring* the Attorney General to provide the alien with such a hearing.") (citing Tijani v. Willis, 430 F.3d 1241, 1242 (9th Cir. 2005)).  Respondents ask this Court to stay the current case "to allow Petitioner to seek and obtain bond [sic] review before the Immigration Court."  Request at 2.

While reserving their rights and defenses during the stay, Request at 2, Respondents ask that the case be held in abeyance.  Petitioner maintains that he is entitled to release on his habeas corpus petition, as he faces prolonged, past and future detention, despite the substantive nature of his challenge to removal.  However, in the interests of resolving this case expeditiously, Petitioner–with the same reservation of his rights and previously asserted arguments–agrees that this Court should stay the current proceedings to permit a Casas hearing before the IJ.

Petitioner likewise agrees that this Court should hold a status hearing on this case at the end of the 60 days to assess the need for further proceedings.

                                                    Respectfully submitted,

Dated: August 19, 2008                 *s/ James Fife*
                                                    **JAMES FIFE**
                                                    **Federal Defenders of San Diego, Inc.**
                                                    Attorneys for Petitioner Singh
                                                    james_fife@fd.org

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing is true and accurate to the best information and belief, and that a copy of the foregoing document has been caused to be delivered this day upon:

Courtesy Copy to Chambers

Copy to Assistant U.S. Attorney via ECF NEF

Copy to Petitioner

Dated: August 20, 2008     /s/ JAMES FIFE
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA  92101-5030
(619) 234-8467  (tel)
(619) 687-2666  (fax)
James_Fife@fd.org (email)