# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURDEV SINGH,<br><br>　　　　　Plaintiff,<br>vs.<br>MICHAEL CHERTOFF, et al.,<br>　　　　　Defendant. | CASE NO. 08cv464 BTM (JMA)<br><br>**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS** |

Petitioner Gurdev Singh ("Petitioner") has filed an Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the Court **DENIES** the Amended Petition without prejudice.

## I. BACKGROUND

Petitioner, a member of the Sikh minority, was born in Kapurthala, Punjab, India on November 28, 1956. (Am. Pet. For Writ of Habeas Corpus ("Am. Pet.") 3.) Petitioner immigrated to the United States on June 26, 1991, and has lived here since with his wife and two children. (Id.) Under the sponsorship of his United States citizen sister, Petitioner was admitted as a lawful permanent resident. (Id.)

In 1996, Petitioner was convicted of disturbing the peace and sentenced to 30 days in jail and 24 months of probation. (Govt. Ret. In Opp. to Pet. for Writ of Habeas Corpus, Ex. 4.) In 1997, Petitioner was convicted of a felony DUI with prior convictions and sentenced to 365 days in prison and five years probation. (Id. at Ex. 7.) In 2002, Petitioner was

convicted of willful infliction of corporal injury under Cal. Penal Code § 273.5(a).[1] In 2005, Petitioner was convicted of felony DUI with prior convictions and sentenced to two years in prison. (Id. at Ex. 6.)

On October 24, 2006, the Department of Homeland Security commenced removal proceedings against Petitioner. (Id. at Ex. 24.) On January 24, 2007, an immigration judge ("IJ") ordered Petitioner removed to India. (Id. at Ex. 45.) Petitioner applied for cancellation of removal which the IJ denied on the basis that Petitioner had been convicted of a crime of domestic violence. On March 30, 2007, the Board of Immigration Appeals ("BIA") denied Petitioner's appeal. (Id. at Ex. 54.)

On April 25, 2007, Petitioner filed a petition for review with the Ninth Circuit, which remains pending. The Court of Appeals stayed Petitioner's removal, which the Government did not oppose.

On March 12, 2008, Petitioner initially filed a Petition for a Writ of Habeas Corpus with this Court. On June 6, 2008 the Court held a hearing on the Petition, and announced its intention to file a written order. On August 13, 2008, however, the Government filed an Ex Parte Motion to Stay the Proceedings [Docket No. 17] based on recent Ninth Circuit case law holding that a detainee with a petition for review pending and a stay of removal is entitled to an individualized bond determination. See Prieto-Romero v. Clark, 534 F.3d 1053 (9th Cir. 2008), Casas-Castrillon v. DHS, 535 F.3d 942 (9th Cir. 2008). The Court granted the Government's Ex Parte Motion and ordered a status conference in sixty days.

Subsequently, an IJ held a bond hearing for Petitioner. The IJ denied bond, finding that Petitioner was "[a] danger and a flight risk." (Govt. Ret. to Am. Pet., Ex. 73.) At a status conference on December 2, 2008, the Court granted leave to Petitioner to file an amended petition.

On December 12, 2008, Petitioner filed an Amended Petition for a Writ of Habeas

---

[1] Petitioner's sentence for this conviction is unclear from the record. Petitioner claims that he was sentenced to nine months in county jail followed by five years probation. (Am. Pet. 3.) "Conviction documents" submitted by the Government indicate that Petitioner was sentenced to three years in prison. (Govt. Ret. In Opp. to Pet for Writ of Habeas Corpus, Ex. 2.)

Corpus. On December 19, 2008, the Government filed a Response to Petitioner's Amended Petition. On January 9, 2009, Petitioner filed a Supplemental Brief in support of his Amended Petition. On January 23, 2009, the Government filed a Return to Petitioner's Amended Petition. On January 30, 2009, Petitioner filed a Reply to the Government's Return.

On February 4, 2009, the Court held oral argument on the Amended Petition. The Court asked the Government to file the IJ's Bond Memorandum, which it did on February 5, 2009. On February 10, 2009, Petitioner filed Objections to Consideration of the Bond Memorandum. On March 3, 2009, Petitioner filed a recent decision by Judge Sabraw in this district in support of his Petition.

## II. DISCUSSION

Petitioner makes two alternative arguments in support of his release. First, Petitioner contends that the bond hearing conducted by the IJ violated his procedural due process rights. The Court concludes that, as a prudential matter, Petitioner must first exhaust his claims with the Board of Immigration Appeals ("BIA"). Even if the Court did not require Petitioner to exhaust, it nonetheless lacks jurisdiction over some of Petitioner's claims because they involve "discretionary judgments" of the Attorney General. Petitioner's non-discretionary claims fail on the merits.

Second, Petitioner alternatively argues that his continued detention violates his substantive due process rights because his removal is not significantly likely in the reasonably foreseeable future. The Court also rejects Petitioner's substantive due process claim because he fails to offer "good reason" that there is no significant likelihood of his removal in the reasonably foreseeable future.

A. <u>Petitioner's Procedural Due Process Claims</u>

The arrest, detention, and release of aliens who are the subject of pending removal proceedings are governed by 8 U.S.C. § 1226. Section 1226(a) holds that "an alien may be

arrested and detained pending a decision on whether the alien is to be removed from the United States." Section 1226(a), however, also allows the Attorney General discretion to release the alien on bond. The Ninth Circuit has held that Section 1226(a) governs the authority to detain an alien like Petitioner, whose administrative review is complete but whose removal is stayed pending the Court of Appeals' resolution of his petition for review. Prieto-Romero, 534 F.3d at 1058. Further, an alien detained under Section 1226(a) is entitled to release on bond unless the government establishes, in an individualized hearing before an IJ, that the alien is a flight risk or a danger to the community. Casas-Castrillon, 535 F.3d at 951.

The Court finds that Petitioner's claims fail on three distinct grounds. First, Petitioner must exhaust his claims with the BIA and the Ninth Circuit. Second, the Court lacks jurisdiction to consider Petitioner's claims challenging discretionary judgments by the IJ. Third, Petitioner's non-discretionary claims fail on the merits.

      1. Exhaustion

As a prudential matter, Petitioner must first exhaust his administrative remedies with the BIA. A "petitioner must exhaust administrative remedies before raising the constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal." Rojas-Garcia v. Ashcroft, 339 F.3d 814, 819 (9th Cir. 2003). "The exhaustion requirement avoids 'premature interference with the agency's processes' and helps to compile a full judicial record." Liu v. Waters, 55 F.3d 421, 424 (9th Cir. 1995) (quoting Rogue-Carranza v. I.N.S., 778 F.2d 1373 (9th Cir. 1985)).

The Court disagrees with Petitioner that the BIA lacks authority to hear appeals of custody determinations by IJs pursuant to 1226(a). While Prieto-Romero newly expanded Section 1226(a) coverage to aliens post-final removal order, the BIA already exercised appellate jurisdiction over Section 1226(a) bond determinations by IJs for pre-final removal order aliens. Prieto-Romero, 534 F.3d at 1058 (noting that a pre-final removal order alien may appeal the IJ's bond determination under Section 1226(a) to the BIA); see, e.g., Matter

of Jose Aguilar-Aquino, 24 I. & N. Dec. 747 (BIA 2009) (considering appeal from IJ custody determination under Section 1226(a)).[2] As the Government notes, the Attorney General possesses wide authority to carry out the immigration and nationality laws, including prescribing forms of bond and reviewing administrative decisions in connection with immigration proceedings. See 8 U.S.C. § 1103(g). Because the Ninth Circuit has held that detainees in Petitioner's position are entitled to bond hearings by IJs under Section 1226(a), the Attorney General has the authority to review those administrative decisions. The Attorney General may also delegate this review authority to the BIA. See id. Here, the Attorney General has permitted Petitioner to pursue an appeal of the IJ's bond determination with the BIA, which remains pending. Petitioner's claims are therefore reviewable by the BIA and he must exhaust his administrative remedies prior to bringing his claims in any habeas petition.

Furthermore, 8 U.S.C. § 1252(a)(2)(D) allows Petitioner, following an unfavorable BIA decision, to then petition the Ninth Circuit Court of Appeals for review of any constitutional claims or questions of law related to his bond hearing. Section 1252(a)(2)(D) states:

> Nothing in subparagraph (B) or (C) or in any other provision of this subchapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

Thus, despite the jurisdictional limitations of Section 1226(e) and Section 1252(a)(2)(B)(ii) explained below, Petitioner has an avenue of relief regarding his constitutional claims and questions of law through an appeal to the BIA and a petition for review before the Ninth Circuit.

The Court finds inapposite Abdallah v. Chertoff, No. 06-CV-1541 DMS (NLS) (S.D. Cal. filed Mar. 2, 2009), which Petitioner relies on to argue that this Court may review the sufficiency of his bond hearing. In Abdallah, the Government did not initially afford the

---

[2] The Ninth Circuit implicitly recognized the BIA's authority to hear a Section 1226(a) bond determination appeal by a post-final removal order petitioner in an unpublished decision, Fofana v. Clark, 288 Fed.Appx. 432, 435 (9th Cir. 2008). There, the Ninth Circuit found that it lacked jurisdiction under Section 1226(e) over the petitioner's petition for review from the BIA because petitioner merely challenged the IJ's Section 1226(a) discretionary bond determination, not the legal sufficiency of the hearing itself. Id.

petitioner with an individualized bond hearing, as it did here. The district court therefore employed a conditional writ ordering the Government to provide the petitioner with a bond hearing pursuant to the Ninth Circuit's decision in Casas-Castrillon, or to release the petitioner. Id. at 2. As the court explained, it then had jurisdiction to assess compliance with its conditional order under the standards set out in Casas-Castrillon. Id. Here, however, the Court never issued a conditional writ and, therefore, does not have jurisdiction to consider whether Petitioner's hearing complied with Casas-Castrillon.

Petitioner's proper avenue of relief here, where the Court has not issued a conditional writ, is through an appeal to the BIA and, if unsuccessful, a petition for review with the Ninth Circuit.

### 2. Discretionary Judgment Claims

Several of Petitioner's claims relate to discretionary judgments by the IJ. Specifically, Petitioner's allegations that (1) the IJ's decision was arbitrary and capricious (Am. Pet. ¶ B7), (2) the IJ improperly relied on stale convictions to conclude that Petitioner was a danger and a flight risk (Am Pet. ¶ B9), (3) the IJ failed to consider the Matter of Guerra factors (Am. Pet. ¶ B11), and (4) the IJ neglected to review evidence of rehabilitation (Am. Pet. ¶ B10), all constitute discretionary determinations. Pursuant to two different provisions of the Immigration and Nationality Act, the Court lacks jurisdiction to review these claims.

First, Subsection (e) of 8 U.S.C. § 1226, states:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

This provision squarely precludes the Court's jurisdiction over Petitioner's procedural due process claims targeting discretionary decisions by the IJ.

Second, Section 1252(a)(2)(B)(ii) of Title 8 also prevents this Court's habeas review of the Attorney General's discretionary authority. That section provides that "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney

General." Other district courts have found that this provision prevents habeas review of the adequacy of a bond hearing held pursuant to Section 1226(a). See Hatami v. Chertoff, 467 F. Supp. 2d 637, 640 (E.D. Va. 2006) (8 U.S.C. § 1252(a)(2)(B)(ii) bars judicial review of any discretionary decision of the Attorney General, including bond determinations under Section 1226(a)), Chavez v. U.S. I.N.S., 55 F. Supp. 2d 555, 557 (W.D. La. 1999) (pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii), district court lacked jurisdiction to review discretionary bond determination by the Attorney General).

Petitioner contends that federal courts may review discretionary decisions of the Attorney General when those decisions are "arbitrary, irrational, or contrary to law." Petitioner argues that because the IJ applied an incorrect standard and erroneously shifted the burden of proof, his discretionary decisions were "contrary to law." As the Court explains in more detail below, however, the IJ did not apply an incorrect standard or improperly shift the burden of proof. Moreover, the cases Petitioner relies on to support this proposition all involved petitions for review with the Ninth Circuit following final orders of removal by the BIA. See Hernandez v. Ashcroft, 345 F.3d 824, 828 (9th Cir. 2003), Mendez-Castro v. Mukasey, 552 F.3d 975, 979 (9th Cir. 2009), Anaya-Ortiz v. Mukasey, 553 F.3d 1266, 1273–1274 (9th Cir. 2009). These cases further demonstrate that Petitioner's appropriate avenue of relief lies in an appeal to the BIA and a petition for review with the Ninth Circuit, which is capable of determining whether the IJ's bond determination was arbitrary, irrational, or contrary to law.

Therefore, the Court finds that it lacks jurisdiction to consider Petitioner's claims challenging discretionary judgments by the IJ.

3. Non-Discretionary Claims

Some of Petitioner's claims relate to alleged structural deficiencies in his hearing, apart from the discretionary judgments by the IJ. Specifically, Petitioner's claims that (1) the IJ should have transcribed or recorded his bond proceeding (Am. Pet. ¶ 5), (2) the IJ was not a "neutral adjudicator" as required by Casas-Castrillon (Am. Pet. ¶ 8), and (3) the IJ

improperly shifted the burden of proof to Petitioner (Am. Pet. ¶ 6), all constitute structural challenges to the legal sufficiency of Petitioner's hearing.  Although Petitioner must first exhaust these claims with the BIA, were the Court to consider them, they would nevertheless fail on the merits.

First, the Court disagrees with Petitioner that the lack of a transcript or record of his proceeding renders it procedurally deficient.  As the Government points out, it appears that a verbatim record or transcript traditionally has not been required for review of bond determinations for immigrants detained pending removal proceedings.  See, e.g., Matter of Chirinos, 16 I. & N. Dec. 276, 277 (BIA 1977) ("there is no right to a transcript of a bond redetermination hearing"). Petitioner does not offer any authority suggesting that courts have ever required a verbatim written record or transcript during a bail hearing for a detained alien. Furthermore, neither Tijani v. Wllis, 430 F.3d 1241 (9th Cir. 2005) nor Casas-Castrillon mandates that a bond hearing be recorded to satisfy procedural due process. Rather, both cases simply direct that an alien detained under the authority of Section 1226(a) be afforded an individualized bond hearing in front of a neutral decision-maker at which the Government must establish that the alien is a flight risk or a danger to the community.  See Tijani, 430 F.3d at 1242, Casas-Castrillon, 535 F.3d at 951.  The IJ need not record or transcribe the bond hearing to meet the procedural due process requirements of Tijani and Casas-Castrillon.

The Court also finds that the IJ constitutes a neutral decision-maker. Casas-Castrillon specifically ordered that the petitioner in that case, detained pursuant to Section 1226(a) pending a petition for review before the Ninth Circuit, be provided with "a hearing . . . before an *Immigration Judge* with the power to grant him bail unless the government establishes that he is a flight risk or a danger to the community." 535 F.3d at 952 (quoting Tijani, 430 F.3d at 1242) (emphasis added).  Thus, Casas-Castrillon necessarily implies that an IJ qualifies as a neutral decision-maker.  Moreover, in ordinary bond hearings conducted pursuant to Section 1226(a) and 8 C.F.R. § 1003.19, aliens may contest the necessity of their detention only before IJs. The Court disagrees with Petitioner's contention that other

courts, such as in <u>Phan v. Reno</u>, 56 F. Supp. 2d 1149 (W.D. Wash. 1999), have expressed concern that the INS harbors structural bias inhibiting its officers from conducting impartial release hearings for detainees. Rather, <u>Phan</u> found that an individualized, fair, and impartial hearing before an *immigration judge* would, in fact, satisfy the minimum requirements of procedural due process. <u>Id.</u> at 1157. Thus, the Court rejects Petitioner's argument that an IJ is not a neutral decision-maker.

Finally, the record indicates that the IJ did not improperly shift the burden of proof to Petitioner. In his bond memorandum, the IJ specifically stated, "In my view *the government has established* that the respondent is indeed a danger to the community." (IJ Bond Mem. 4 (emphasis added).) The IJ's bond memorandum explains in detail the evidence presented by the Government relating to the <u>Matter of Guerra</u> factors that led the IJ to deny bond. The IJ clearly correctly allotted the burden of proof to the Government.

Therefore, the Court finds that Petitioner's procedural due process claims necessarily fail. Petitioner must exhaust his claims through appeal to the BIA and a petition for review with the Ninth Circuit before bringing a habeas petition. Moreover, this Court lacks jurisdiction to consider any of Petitioner's challenges to discretionary judgements by the IJ, and his structural claims fail on the merits.

B.  <u>Petitioner's Substantive Due Process Claim</u>

Petitioner alternatively argues that because his removal is not significantly likely to occur in the reasonably foreseeable future, he is entitled to release under <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001). <u>Zadvydas</u> held that six months constitutes a presumptively reasonable period of detention during which the government may be expected to effectuate removal following a final removal order. <u>Id.</u> at 701. Beyond this six month period, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." <u>Id.</u> The Ninth Circuit has also held, however, that because judicial review is subject to strict procedural rules, a pending petition for review with the Court of

Appeals acts as an "independent, external constraint" providing "satisfactory assurance" that the petitioner's case will be resolved with reasonable expedition. Prieto-Romero, 534 F.3d at 1064–1065. Thus, a petitioner must show good reason beyond a pending petition for review that his removal is not significantly likely to occur in the reasonably foreseeable future.

Here, the Court finds that Petitioner has not provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Petitioner's almost three year period of detention, while lengthy, is not indefinite. Petitioner faces a significant likelihood of removal in the reasonably foreseeable future because the Government can repatriate him to India if his pending petition for review proves ultimately unsuccessful. See i.d. at 1062. Petitioner is not stuck in a "removable-but-unremovable" limbo. Petitioner presents no evidence that the United States and India lack a repatriation agreement. Petitioner contends that the "Indian government is notorious for excessive delay in reviewing ICE requests for travel documents." But, the source that Petitioner relies on for this proposition also indicates that the process for obtaining travel documents from the Indian government may result in wait times from six to eight months. See United State General Accounting Office, Immigration Enforcement: Better Data and Controls Are Needed to Assure Consistency with the Supreme Court Decision on Long-Term Alien Detention, 22 (May 27, 2004). While this wait time may delay Petitioner's removal, it remains reasonably foreseeable.

Petitioner further argues that his membership in the Sikh minority may stall his removal. Petitioner offers no firm evidence, however, that the delayed removal of Sikh minority members makes their detention "indefinite or potentially permanent." See Prieto-Romero, 534 F.3d at 1064. Petitioner does not offer any specific examples of other Sikh minority detainees who the Government failed to remove within a reasonable time period. Thus, the Court finds no "good reason" to believe that there is no significant likelihood of Petitioner's removal in the reasonably foreseeable future. Nonethless, "[f]or detention to remain reasonable, as the period for confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Zadvydas, 533 U.S. at 701. The

Court, therefore, **DENIES** Petitioner's Amended Petition for a Writ of Habeas Corpus without prejudice to petitioner to file another petition should he develop good reason to believe that removal is no longer reasonably forseeable.

### III. CONCLUSION

For the reasons explained above, the Court hereby **DENIES** without prejudice Petitioner's Amended Petition for a Writ of Habeas Corpus.

**IT IS SO ORDERED.**

DATED: April 23, 2009

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge