# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURDEV SINGH,<br><br>                    Plaintiff,<br>  vs.<br><br>MICHAEL CHERTOFF, et al.,<br><br>                    Defendant. | CASE NO. 08cv464 BTM (JMA)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION TO AMEND THE JUDGMENT** |

    Petitioner Gurdev Singh ("Petitioner" or "Singh") moves to amend the Court's Order denying his Amended Petition for a Writ of Habeas Corpus ("Amended Petition") pursuant to Federal Rule of Civil Procedure 59(e). For the reasons discussed below, Petitioner's Motion to Amend the Judgment is **GRANTED IN PART** and **DENIED IN PART.**

## I. BACKGROUND

    The Court set out the background of this case in detail in its April 23, 2009 Order Denying Petitioner's Amended Petition ("Order"). The Court incorporates by reference the facts as set forth there and only briefly notes the procedural history of the case here.

    On January 24, 2007, an Immigration Judge ("IJ") ordered Petitioner removed to his native India. On March 30, 2007, the Board of Immigration Appeals ("BIA") denied Petitioner's Appeal and entered a final order of removal. On April 25, 2007 Petitioner filed a petition for review with the Ninth Circuit, which remains pending. The Court of Appeals stayed Petitioner's removal until it reached a decision on his petition for review.

Petitioner is currently detained.  On March 12, 2008, Petitioner filed a Petition for a Writ of Habeas Corpus with this Court, arguing that he was entitled an individualized bond determination.  The Government subsequently afforded Petitioner a bond hearing before an IJ.  The IJ denied bond.  On December 2, 2008, the Court granted Petitioner leave to amend his Petition.

On December 12, 2008, Petitioner filed his Amended Petition.  The Amended Petition first argued that the bond hearing before the IJ violated Petitioner's procedural due process rights.  Second, the Amended Petition argued that Petitioner's continued detention violated his substantive due process rights under Zadvydas v. Davis, 533 U.S. 678 (2001) because removal was not significantly likely in the reasonably foreseeable future.

On April 23, 2009, the Court issued its Order denying the Amended Petition.  First, the Court found that, as prudential matter, Petitioner was required to initially exhaust his procedural due process claims with the BIA.  Second, the Court determined that it lacked jurisdiction to consider any of Petitioner's claims relating to discretionary judgments of the IJ.  Third, the Court held that Petitioner's non-discretionary structural claims failed on the merits.  Finally, the Court determined that no good reason existed to find that Petitioner's removal in the reasonably foreseeable future was not significantly likely.

## II. STANDARD

A district court may amend its judgment under Federal Rule of Civil Procedure 59(e) if it "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Dixon v. Wallowa County, 336 F.3d 1013, 1022 (9th Cir. 2003) (quoting School Dist. No. 1J, Multnomah Cty., Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  District courts have broad discretion when deciding whether to grant a Rule 59(e) motion.  See Stewart v. Wachowski, 574 F. Supp. 2d 1074, 1115 (C.D. Cal. 2005) (citations omitted).   When evaluating a Rule 59(e) motion, a court should consider both the interest in finality of judgments as well as the need to reach just decisions based on all the facts.  Id.

### III. **DISCUSSION**

Petitioner moves to amend the Court's judgment based on an intervening change in law. Petitioner agues that a recent Ninth Circuit decision, Acala v. Holder, 563 F.3d 1009 (9th Cir. 2009), rendered unavailable the avenue of relief suggested by the Court in its Order, requiring it to reconsider its decision.

Alcala involved a Mexican citizen who entered the United States unlawfully and applied for asylum. Id. at 1011. Later, he returned to Mexico and attempted to reenter the United States using a fraudulent certificate of legal permanent residency. Id. He was placed in expedited removal proceedings and removed to Mexico. Id. Alcala again entered the country illegally. Id. In the meantime, his asylum application was denied and he was served with a Notice to Appear, which did not mention his expedited removal or second and third unlawful reentries. Id. At Alcala's merits hearing, the government sought to dismiss the removal proceeding so that it might reinstate his expedited removal order. Id. at 1012. The IJ granted the government's motion to dismiss. Id. Alcala appealed the IJ's decision to the BIA, which denied his appeal. Id. Alcala appealed the BIA's decision to the Ninth Circuit Court of Appeals. Id. Alcala also filed a motion to reopen with the BIA, which was denied. Id. Alcala then filed a petition for review of that decision with the Court of Appeals as well. Id. at 1013.

The Court of Appeals dismissed both petitions for review, finding that it lacked jurisdiction over them. Specifically, the Court held, "[t]his court has jurisdiction under 8 U.S.C. § 1252(a)(1)(D) over petitions for review which raise constitutional claims or questions of law *if, and only if, there is a final order of removal.*" Id. at 1015 (emphasis in original). Because Alcala appealed orders issued in a proceeding in which no final order of removal resulted, the Court of Appeals lacked jurisdiction to review them.

Petitioner argues that Alcala requires this Court to amend its Order denying his Amended Petition. In its Order, the Court found that Petitioner was required to exhaust his administrative remedies with the BIA, which he had not done prior to filing his Amended

1  Petition. The Court also relied on 8 U.S.C. § 1252(a)(2)(D) to suggest that, if the BIA denied
2  his appeal, he could then file a petition for review of the BIA's decision with the Ninth Circuit
3  Court of Appeals. The Court stated, "despite the jurisdictional limitations of Section 1226(e)
4  and Section 1252(a)(2)(B)(ii) . . . Petitioner has an avenue of relief regarding his
5  constitutional claims and questions of law through an appeal to the BIA and a petition for
6  review before the Ninth Circuit." (Order Denying Am. Pet. 5.)

7  The Court agrees with Petitioner that Alcala calls into question the Court's suggestion
8  that he could petition the Court of Appeals to review the BIA's decision on his appeal of the
9  IJ's bond determination. In the wake of Alcala, it is unclear whether the Court of Appeals
10 would consider a petition for review of a bond determination made in a case where a final
11 order of removal has been issued, as is the situation here. Thus, the Court **GRANTS**
12 Petitioner's Motion to Amend insofar as he requests that the Court remove its suggestion that
13 Petitioner could pursue a petition for review with the Ninth Circuit following an unfavorable
14 decision on his bond determination by the BIA. The Court **AMENDS** its Order to delete the
15 following text: page 4, line 11(beginning with "and" and ending with "Circuit"; page 5, lines
16 13–21; page 6, lines 8–10; and page 7, lines 13–20 (beginning with "Moreover"). The Court
17 also **AMENDS** its Order to alter the sentence beginning with "Petitioner" on page 9, line 14.
18 The sentence should now read: "Petitioner must exhaust his claims through an appeal to the
19 BIA."

20 Other than as stated above, Alcala does not affect the Court's Order. The Court's
21 reasoning that, as a prudential matter, Petitioner must first exhaust his administrative
22 remedies with the BIA before bringing a habeas petition, remains unchanged. As the Court
23 explained in its Order, "[w]hile Prieto Romero [v. Clark, 534 F.3d 1053 (9th Cir. 2008)] newly
24 expanded [8 U.S.C. §] 1226(a) coverage to aliens post-final removal order, the BIA already
25 exercised appellate jurisdiction over Section 1226(a) bond determinations by IJs for pre-final
26 removal order aliens. Prieto-Romero, 534 F.3d at 1058 (noting that a pre-final removal order
27 alien may appeal the IJ's bond determination under Section 1226(a) to the BIA); see, e.g.
28 Matter of Jose Aguilar-Aquino, 24 I & N. Dec. 747 (BIA 2009) (considering appeal from IJ

custody determination under Section 1226(a))." (Order Denying Am. Pet. 4:24–5:2.) The Attorney General has the authority to review administrative decisions, such as prescribing forms of bond, and may delegate this authority to the BIA. See 8 U.S.C. § 1103(g). Nothing in Alcala persuades the Court that Petitioner need not first exhaust his administrative remedies with the BIA before raising any constitutional claims arising out of his bond hearing in a habeas petition. Rojas-Garcia v. Ashcroft, 339 F.3d 814, 819 (9th Cir. 2003) (a "petitioner must exhaust administrative remedies before raising the constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal.").

The Court's Order also specifically found that 8 U.S.C. § 1226(e) and 8 U.S.C. § 1252(a)(2)(B)(ii) strip the Court of jurisdiction to review any of Petitioner's claims arising out of discretionary determinations made by the IJ during his bond hearing. (Order Denying Am. Pet. 6:12–7:13.) Alcala does not alter the Court's decision in any way in this regard. Moreover, the Court's Order held that Petitioner's non-discretionary claims relating to the legal sufficiency of his bond hearing lacked merit. Alcala also does not relate to this aspect of the Court's order.

Thus, the Court **DENIES** Petitioner's Motion to Amend insofar as he requests that the Court reconsider its decision *in toto* and the merits of his substantive claims.

### III. CONCLUSION

For the reasons explained above, the Court **GRANTS IN PART** and **DENIES IN PART** Petitioner's Motion to Amend the Judgment. The Court **AMENDS** its Order Denying Amended Petition for a Writ of Habeas Corpus [Docket No. 33] as set forth above.

**IT IS SO ORDERED.**

DATED: September 27, 2009

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge