# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURDEV SINGH,<br><br>　　　　　　Petitioner,<br>vs.<br><br>MICHAEL CHERTOFF, et al.,<br><br>　　　　　　Respondents. | CASE NO. 08cv464 BTM (JMA)<br><br>**ORDER DENYING PETITIONER'S MOTION TO AMEND OR SUPPLEMENT PETITION** |

Petitioner Gurdev Singh moves for leave to amend or supplement his Amended Petition for a Writ of Habeas Corpus ("Amended Petition") or to supplement his May 5, 2009 Motion to Amend the Judgment. As a third alternative, Petitioner asks that the Court treat his motion as an original petition for writ of habeas corpus. For the reasons discussed below, Petitioner's Motion is **DENIED** with leave to file a new petition.

## I. BACKGROUND

The Court set out the background of this case in detail in its April 23, 2009 Order Denying Petitioner's Amended Petition. The Court incorporates by reference the facts as set forth there and only briefly notes the subsequent procedural history of the case here.

The Court issued an order in this case denying Petitioner's writ of habeas corpus on April 23, 2009. Final judgment was entered the next day.

On May 5, 2009, Petitioner moved to amend the Court's April 23, 2009 Order, arguing that a recent Ninth Circuit decision, Acala v. Holder, 563 F.3d 1009 (9th Cir. 2009), rendered

unavailable the avenue of relief suggested by the Court in its Order and required it to reconsider its decision. The Court granted that motion in part on September 28, 2009, but only to remove the Court's suggestion that Petitioner could appeal to the Ninth Circuit—an option precluded by the holding in Alcala. The remainder of the order denying Petitioner's Amended Petition was left unchanged.

On August 11, 2009 Petitioner filed a pro se motion with the immigration judge assigned to his case, requesting a new hearing to evaluate the justification for his continued detention. The IJ's denial of that motion forms the basis of an entirely new claim that Petitioner wishes to assert here.

Petitioner has moved for one of three alternative orders: (1) leave to amend or supplement the Amended Petition to add a new claim for deprivation of due process under Mathews v. Eldridge; (2) leave to supplement his May 5, 2009 motion in order to add the Eldridge claim; or (3) leave to file a new petition for writ of habeas corpus and join it to this case.

## II. STANDARD

Federal Rule of Civil Procedure 15(d) governs supplemental pleadings regarding events that have occurred after the date of the original suit. "[T]he court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. Proc. 15(d). "While leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action. Planned Parenthood of Southern Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (internal citations and quotations omitted); see also 6A Charles Alan Wright, et al., Federal Practice and Procedure § 1509 (1990) (noting that leave to file a supplemental pleading will be denied where "the supplemental pleading could be the subject of a separate action").

### III.  DISCUSSION

The Court entered a final judgment in this case on April 23, 2009 and denied Petitioner's motion to amend the substantive portions of that judgment on September 28, 2009.  Petitioner has appealed this judgment to the Ninth Circuit.  Petitioner now moves to supplement the Amended Petition to add a new due process cause of action under <u>Eldridge.</u>  When a case has reached final resolution, and a party seeks to supplement the pleadings to add a new cause of action, it is within the Court's discretion to deny the supplement.  See <u>Planned Parenthood</u>, 130 F.3d at 403 (holding it was abuse of discretion to permit supplementation because original action had reached final resolution and district court did not retain jurisdiction and district court should have required plaintiffs to file new suit).  The <u>Eldridge</u> claim is a separate, distinct and new cause of action, and a final order dismissing this case has been issued.  Accordingly, Petitioner's Motion is **DENIED** with leave to file a new petition.

### III.  CONCLUSION

For the reasons explained above, the Court **DENIES** Petitioner's Motion to Amend or Supplement the Petition with leave to file a new petition.

**IT IS SO ORDERED.**

DATED: October 22, 2009

Honorable Barry Ted Moskowitz
United States District Judge