1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

GURDEV SINGH,

Case No. 08cv464-BTM (JMA)

12

Petitioner,

**ORDER RE SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

13

v.

JANET NAPOLITANO, et al.,

14

Respondents.

15
16
17
18
19
20
21
22
23

The Court denied Petitioner's first amended habeas petition on April 23, 2009.  Dock. # 33. On appeal, the Ninth Circuit affirmed in part and vacated in part, vacating the dismissal of Petitioner's habeas petition for failure to exhaust administrative remedies.   *Singh v. Napolitano*, 09-56567, 2011 U.S. App. LEXIS 9821, at *2 (9th Cir. May 13, 2011).  The Ninth Circuit directed that the Court allow Petitioner to file a second amended petition and instructed that "[t]he district court should consider the merits of that amended petition in light of relevant authority, including *V. Singh v. Holder*, [638 F.3d 1196 (9th Cir. 2011)]." *Id.* at *5.

24
25
26
27
28

Respondent argues that *V. Singh* is not yet binding law in this circuit because the mandate has not been issued and therefore, should not be followed.  The Court does not find this argument to be persuasive.  As recognized by Respondent, the Ninth Circuit has previously stated that its opinions become binding precedent regardless of whether a mandate has issued.  *See Hoeun Yong v. Ins*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000).  Moreover, the Ninth Circuit specifically directed this Court to consider the merits of

1    Petitioner's amended habeas petition in light of *V. Singh*.  The Court follows this directive and

2    applies *V. Singh* as binding authority.

3         Petitioner's second amended petition challenges his prolonged immigration detention

4    without bond.  Petitioner contends that his *Casas-Castrillon v. Department of Homeland*

5    *Security*, 535 F.3d 942 (9th Cir. 2008) bond hearing violated due process.  Petitioner also

6    argues that the length of his detention and the purported lack of periodic custody review also

7    violate due process.  Because the Court grants the writ unless Petitioner is afforded a new

8    bond hearing consistent with the procedures set forth in *V. Singh v. Holder*, 638 F.3d 1196

9    (9th Cir. 2011), the Court does not reach these latter arguments.  *See Lyng v. Northwest*

10   *Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988) ("A fundamental and

11   long-standing principle of judicial restraint requires that courts avoid reaching constitutional

12   questions in advance of the necessity of deciding them.").

13

14   **A.  Errors At Bond Hearing**

15

16        Petitioner argues that the immigration judge erred by:  (1) considering the strength of

17   petitioner's underlying immigration appeal at the bond hearing; (2) failing to use the "clear

18   and convincing" evidence standard; and (3) failing to record the proceedings.

19        This first contention is beyond the scope of the court's habeas review.  The Court's

20   jurisdiction is limited to reviewing whether the denial of discretionary relief involved a violation

21   of federal law or the constitution.  *Gutierrez-Chavez v. Ins*, 298 F.3d 824, 829 (9th Cir. 2002).

22   The Court's habeas review of the Attorney General's discretionary authority, as well as that

23   of employees of the Attorney General, is precluded by 8 U.S.C. § 1226(e).

24        Consideration of the strength of petitioner's appeal is neither unlawful nor

25   unconstitutional.  Petitioner cites to no authority for the proposition that consideration of a

26   factor not listed in *In re Guerra*, 2006 BIA LEXIS 19, at *7-8 (B.I.A. 2006) violates his due

27   process rights.  To the contrary, *Guerra,* provides that an "Immigration Judge has broad

28   discretion in deciding the factors that he or she may consider in custody redeterminations."

1   *In re Guerra*, 2006 BIA LEXIS 19, at *8.

2       The Court does not find consideration of this factor, in particular, to be improper.  The

3   likelihood of success of an alien's appeal impacts the risk of flight, as someone with a strong

4   case has less incentive to flee.  The Court notes that in the context of the Bail Reform Act,

5   the weight of the evidence against the defendant is a relevant consideration, albeit the least

6   important one, as to whether he may be released on bond.  *See* 18 U.S.C. § 3142(g)(2);

7   *United States v. Hir*, 517 F.3d 1081, 1090 (9th Cir. 2008).  If the likelihood of success may

8   be considered in the context of a bail proceeding for a criminal defendant, who is afforded

9   a constitutional right to bail and the presumption of innocence, then, *a fortiori*, consideration

10  of this factor at a *Casas* hearing does not violate due process.

11      Petitioner's remaining arguments were squarely addressed in *V. Singh*, 638 F.3d

12  1196.  There, the Ninth Circuit held that the government must prove by clear and convincing

13  evidence that continued detention is justified.  *Id.*  The Ninth Circuit also held that the

14  immigration court is required to make a contemporaneous record of *Casas* hearings.  *Id.*  In

15  lieu of a transcript, an audio recording would suffice.  *Id.* at 1208.

16      Respondent does not challenge Petitioner's contention that these two requirements

17  were not met at Petitioner's bond hearings.[1]   Accordingly, the Court holds that the

18  immigration judge's failure to apply a clear and convincing evidence standard and to record

19  the proceedings constitutes a violation of Petitioner's due process rights.

20

21  **B. Prejudice**

22

23      Petitioner has sufficiently demonstrated that these errors were prejudicial.  *See*

24  *Prieto-Romero v. Clark*, 534 F.3d 1053, 1066 (9th Cir. 2008) (subjecting due process

25  violations in immigration proceedings to harmless error analysis).  First, the clear and

26  _____

27      [1] The parties recently learned of a new bond hearing that took place on July 19, 2011.
28  Counsel for both parties have limited information as to what took place at this hearing, and
    it is unclear whether the clear and convincing standard was applied at this hearing or whether
    the hearing was recorded.

08cv464-BTM (JMA)

convincing standard requires the government to prove that a factual contention is "highly probable." *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984). The Court cannot conclude whether the application of this standard would have affected the outcome of the bond hearing.

Second, Petitioner argues that the immigration judge impermissibly failed to address the *Guerra* factors at the November 24, 2008 bond hearing. Petitioner filed a notice of appeal approximately one month after this hearing and an amended petition for habeas corpus on December 12, 2008. The immigration judge filed a memorandum decision on January 30, 2009. Petitioner contends that this memorandum decision addresses arguments raised in the notice of appeal and amended habeas petition that were not addressed at the bond hearing and that this decision addresses the *Guerra* factors for the first time. The memorandum decision is an inadequate "[p]ost-hoc reconstruction" that is not the functional equivalent of a transcript. *V. Singh*, 638 F.3d at 1208. Because the hearing was not recorded, the Court cannot address the merit of Petitioner's argument that the memorandum decision responds to issues that were raised after the hearing took place.

## C. Conclusion

For the reasons set forth above, the Court grants the writ, unless within 45 days Petitioner is afforded a new *Casas* hearing that complies with the procedures set forth in *V. Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011). The parties shall file a status update within thirty days of entry of this order.

**IT IS SO ORDERED.**

DATED: September 8, 2011

Honorable Barry Ted Moskowitz
United States District Judge

4